UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PETER HOFFMAN and | * | CIVIL ACTION NO. _____ |
| SUSAN HOFFMAN | * | |
| | * | JUDGE: |
| V. | * | |
| | * | MAGISTRATE |
| DAVID BAILEY | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

NOW INTO COURT, through undersigned counsel, come plaintiffs Peter Hoffman and Susan Hoffman, who submit this Complaint for Injunctive Relief and Damages, and respectfully represent:

## PARTIES

1.

Plaintiff Peter Hoffman is a citizen of the State of California and is an individual resident of Los Angeles, California.

2.

Plaintiff Susan Hoffman is a citizen of the state of Louisiana and an individual resident of New Orleans, Louisiana.

3.

Upon information and belief, defendant David Bailey is a citizen of the United Kingdom and an individual resident in Maulder, England, United Kingdom.

4.

Defendant has engaged in tortious acts in the State of Louisiana through, *inter alia*, publication of one or more defamatory statements against plaintiffs in the State of Louisiana, as herein alleged.  As a result, plaintiffs' causes of action alleged herein arise out of defendant's contacts with the State of Louisiana, which were intended to and did have effects within the State of Louisiana, and defendant purposefully established significant contact with the State of Louisiana.

## JURISDICTION

5.

Jurisdiction is proper in this Court under 28 U.S.C. §1332, as the parties involved are citizens of different States and foreign countries, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

6.

Venue is proper in this Court under 28 U.S.C. § 1391(a)(2), as a substantial portion of the harm resulting from the defamatory acts occurred in the State of Louisiana and in this District.

## FACTS

7.

Plaintiff Susan Hoffman, indirectly through another business entity, owns and controls Seven Arts Pictures Louisiana LLC ("SAPLA"), which owns certain real property located at 807 Esplanade Avenue in New Orleans, Louisiana (the "Property").  Through her personal services and under her direction, SAPLA engaged in substantial rehabilitation of the Property in order to both (a) restore and rehabilitate its historic character as a leading example of ante-bellum New

2

Orleans homes, and (b) convert the Property to use as a motion picture post-production facility. Restoration and conversion was substantially completed on or before June 30, 2012. Attached as Exhibit "A" are photographs of the Property before and after such restoration and conversion.

8.

SAPLA obtained an Infrastructure Project Pre-Certification Letter dated May 29, 2008 from the Louisiana Department of Economic Development ("LED") in the form attached as Exhibit "B," certifying that the Property was eligible for Louisiana film infrastructure tax credits. SAPLA also has received a reinstated Infrastructure Tax Credit Certification Letter from LED with respect to the Property, attached as Exhibit "C," which Infrastructure Tax Credit Certification Letter was based on an Audit Report dated June 30, 2012 ("Audit Report") of SAPLA's "qualifying expenditures" on the Property. The Audit Report is attached hereto as Exhibit "D."

9.

SAPLA obtained a Part I, Part II and Part III Certification from the United States Department of the Interior that the Property as restored qualifies for United States historical rehabilitation tax credits, which Certifications are attached hereto as Exhibit "E." These Certifications are based on the Compilation Report of qualifying historic rehabilitation expenses dated June 30, 2012 ("Compilation Report"), which are attached hereto as Exhibit "F." The Compilation Report in turn is based on the Audit Report. SAPLA has requested but not yet received Certification from the Louisiana State Historic Preservation Office ("SHPO") that the rehabilitation of the Property qualifies for Louisiana historic rehabilitation tax credits.

886550_1

10.

Plaintiff Peter M. Hoffman was Chief Executive Officer of Seven Arts Pictures plc ("PLC"), an English public limited company, until on or about November 9, 2011. PLC transferred certain of its assets to Seven Arts Entertainment Inc. ("SAE"), effective July 1, 2010. Mr. Hoffman was Chief Executive Officer of SAE until on or about June 19, 2013. Mr. Hoffman is married to but legally separated from Susan Hoffman, and has no interest in any assets of Ms. Hoffman or SAPLA, including the Property. All film infrastructure and historic rehabilitation tax credits with respect to the Property have been assigned to Seven Arts Filmed Entertainment Louisiana, LLC ("SAFELA"), 60% of the membership units of which are owned by SAE, effective June 30, 2012.

11.

On or about November 29, 2012, defendant David Bailey published and sent to SHPO the malicious and defamatory statements set forth in the email attached as Exhibit "G," stating, *inter alia,* that "Peter and Susan Hoffman are the architects . . . of a major economic fraud," and that the "application made by the Hoffmans are fraudulent, that the amounts claimed were probably not spent, and that some or all of the funds used to renovate the property were improperly diverted . . . by way of transfer to a related party" (the "November 2012 Statements"). Plaintiffs are informed and believe that defendant has made similar defamatory and malicious publications in Louisiana to other persons. Such statements will be included in an amended Complaint in this matter, when the specific statements and dates made are discovered by plaintiffs.

12.

Defendant Bailey was appointed as Finance Director of PLC on or about 12 August 2009 and, without notice, "walked off" his job on or about 3 December, 2009 after failing to produce

4

financial statements for PLC as he had repeatedly promised to do so and for which his services were engaged. Bailey has chosen maliciously to attack plaintiffs, including through publication of the November 2012 Statements, to cover up and distract from his own failures and misrepresentations. The November 2012 Statements also are a direct violation of defendant's Employment Agreement with PLC dated 12 August 2009 (¶ 17), attached hereto as Exhibit "H."

13.

The November 2012 Statements were and are untrue and made maliciously without any basis in fact and with an intent to damage plaintiffs' reputations, successes, and goodwill, to embarrass plaintiffs and to damage plaintiffs' business relationships. In particular, but without limitation of the foregoing:

A. The Compilation Report was prepared in 2012, long after defendant had ceased to be employed by PLC, and defendant has never seen or received the Compilation Report, the Audit Report, or any of the accounting "back up" on which both are based.

B. Defendant had and has no knowledge whatsoever of the items claimed as qualified historic preservation expenses in the Compilation Report in 2012 and had no responsibility for any of these expenses at any time, including the four months in 2009 during which he was engaged by PLC.

C. The Compilation Report was based on the Audit Report, which was certified by a reputable Louisiana firm of certified public accountants who fully reviewed every item therein.

D. All "related party" payments made in connection with the Property are properly disclosed as such in the Compilation Report.

5

E.  The Property is now rehabilitated and restored to its historic character in a model of such renovation, as reflected in the news articles attached as Exhibit "I", and as confirmed by the United States Department of Interior in its Part III Certification (Ex. "E"). Defendant has never personally viewed the Property, either before or after its historic rehabilitation.

14.

The November 2012 Statements have directly affected plaintiffs' business and reputation and has caused irreparable injury to plaintiffs.

## COUNT ONE

## DEFAMATION *PER SE*

15.

Plaintiffs repeat and reallege the allegations in Paragraphs 1 through 14 as if pleaded herein *in extenso.*

16.

The November 2012 Statements are untrue and defamatory *per se*, and falsity, malice, and injury are presumed.

17.

The publication of these defamatory statements is ongoing and is in the nature of a continuing tort.

18.

Because of the extreme libelous and defamatory content of the November 2012 Statements, plaintiffs have suffered damages and irreparable injury as more particularly alleged in Paragraph 25 below.

886550_1

## COUNT TWO

## DEFAMATION

19.

Plaintiffs repeat and reallege the allegations in Paragraphs 1 through 18 as if pleaded herein *in extenso*.

20.

The false and malicious November 2012 Statements that expressly or implicitly accuse plaintiffs of wrongdoing, improper business practices and fraud are untrue.

21.

These November 2012 Statements are not privileged or protected communications.

22.

The publications of the defamatory and malicious November 2012 Statements is ongoing and is in the nature of a continuing tort.

23.

Taken as a whole, the language used by defendant in the November 2012 Statements exposes plaintiffs to contempt, hatred, and ridicule, or otherwise causes plaintiffs to be shunned or avoided, and tends to lower the esteem in which they are held. The language in the November 2012 Statements also deprives plaintiffs of the benefit of public confidence.

24.

The words in the November 2012 Statements were created and published by defendant with malice and/or with reckless disregard for the truth and/or with negligence.

886550_1

25.

Because of the extreme defamatory content of the November 2012 Statements, plaintiffs

have suffered damages in an amount of more than $3,000,000, including but not limited to:

     (a) loss of income from Louisiana historic rehabilitation credits;

     (b) increased business costs;

     (c) injury to business/professional reputations;

     (d) personal humiliation;

     (e) embarrassment; and

     (f) mental anguish and suffering.

26.

Defendant's publication of the false and malicious statements has irreparably injured

plaintiffs. As a result, plaintiffs are entitled to injunctive relief and/or damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs Peter Hoffman and Susan Hoffman pray that after due

proceedings, judgment be entered in their favor and against defendant David Bailey:

    (1)    Enjoining defendant from publishing any further defamatory, libelous, and slanderous statements regarding plaintiffs or the Property; and,

    (2)    Holding defendant liable for any and all damages sustained by plaintiffs as proved at trial, but in an amount no less than $3,000,000, together with all other relief available in law and/or equity that this Court deems just and proper, including but not limited to attorney's fees and costs.

886550_1

Date:  July 23, 2013

Respectfully submitted,

/s/ Stephen H. Kupperman
Stephen H. Kupperman, 7890
Barrasso Usdin Kupperman
Freeman & Sarver, L.L.C.
909 Poydras St., Ste. 2400
New Orleans, LA  70112
Telephone: 504-589-9700
Telefax:  504-589-9701
skupperman@barrassousdin.com

*Attorneys* for *Susan Hoffman*


/s/ William J. Wegmann, Jr.
William J. Wegmann, Jr., 13317
Wegmann & Adams, L.L.C.
110 Veterans Memorial Blvd., Ste. 440
Metairie, LA  70005
Telephone:  504-833-3800
wjwegmann@wegmannadams.com

*Attorneys for Peter Hoffman*

9

886550_1