## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**PETER HOFFMAN, et al.**                          **CIVIL ACTION**

**VERSUS**                                          **NO. 13-5153**

**DAVID BAILEY**                                    **SECTION: "G"(5)**

## ORDER

In this case, Plaintiffs Peter and Susan Hoffman (collectively "Hoffmans") allege that Defendant David Bailey ("Bailey") falsely accused them of fraudulent conduct in connection with their participation in a tax incentive program. Pending before the Court is Bailey's "Motion of Defendant David Bailey Pursuant to Rules 59(e) and 60(b) for Reconsideration, Amendment, and Alteration of this Court's January 27, 2014 Decision and for Dismissal of the Claims Against Him in Light of the Newly-Issued Grand Jury Indictment Against Plaintiff Peter Hoffman For Conspiracy and Wire Fraud Relating to the 807 Esplanade Property" (hereinafter "Motion for Reconsideration").[1] Having considered the motion, the memoranda in support, the memoranda in opposition, the record, and the applicable law, the Court will deny the motion.

## I. Background

### A.    *Factual Background*

In their complaint, the Hoffmans allege that Susan Hoffman is owner of Seven Arts Pictures Louisiana LLC ("SAPLA"), which owns real property located at 807 Esplanade Avenue in New Orleans, Louisiana (the "Property").[2] The Hoffmans allege that SAPLA engaged in substantial

---

[1] Rec. Doc. 43.

[2] Rec. Doc. 1 at p. 2.

1

rehabilitation of the Property in order to restore and rehabilitate its historic character and to convert the Property in order to be used as a motion picture post-production facility.[3] The Hoffmans allege that SAPLA obtained a letter from the Louisiana Department of Economic Development certifying that the Property was eligible for Louisiana film infrastructure tax credits and received certification from the United States Department of Interior that the Property, as restored, qualified for United States historical rehabilitation tax credits.[4] The Hoffmans also allege that SAPLA has requested, but has not yet received, certification from the Louisiana State Historic Preservation Office ("SHPO") that the Property qualifies for Louisiana historic rehabilitation tax credits.[5]

According to the Hoffmans, Seven Arts Pictures plc ("PLC"), an English public limited company led by Peter Hoffman until November 9, 2011, hired Bailey as its Finance Director in August 2009.[6] Bailey left that position in December 2009.[7] Subsequently, in November 2012, Bailey allegedly sent an e-mail message to the SHPO accusing the Hoffmans of perpetrating a "major economic fraud" by filing a fraudulent application for rehabilitation tax credits, making false expense claims, and improperly diverting funds used for renovation.[8]

The Hoffmans claim that Bailey's November 2012 e-mail message is "untrue and [was] made maliciously without any basis in fact and with an intent to damage plaintiffs' reputations, successes, and good will," and was intended "to embarrass plaintiffs and to damage plaintiffs' business

---

[3] *Id.* at p. 3.

[4] *Id.*

[5] *Id.*

[6] *Id.* at p. 4.

[7] *Id.*

[8] *Id.*

relationships."[9] In support of this assertion, the Hoffmans contend that: (1) Bailey has never seen the reports summarizing the rehabilitation expenditures, nor the accounting "backup" on which the reports are based; (2) Bailey had "no knowledge whatsoever" of the items claimed in those reports, and had no responsibility for "any of these expenses at any time," including during his tenure as PLC's Finance Director; (3) the audit report of the renovation project "was certified by a reputable Louisiana firm of certified public accountants who fully reviewed every item therein;" (4) all "related party" payments are disclosed in one of the reports; (5) the property "is now rehabilitated and restored to its historic character in a model of such renovation," although Bailey has "never personally viewed the Property, either before or after its historic rehabilitation."[10] The Hoffmans claim that Bailey's conduct constitutes defamation and defamation per se.[11]

### B.    *Procedural Background*

The Hoffmans filed a complaint in this matter on July 23, 2013.[12] On July 24, 2013, the matter was assigned to Section "A" of this District.[13] On August 23, 2013, Bailey filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), 12(b)(4), 12(b)(5), 12(b)(6), and 12(f).[14]

On January 27, 2014, Judge Zainey denied Bailey's motion to dismiss, holding that Bailey had been properly served process, that Bailey was subject to specific personal jurisdiction of the

---

[9]  *Id.* at p. 5.

[10]  *Id.* at pp. 5–6.

[11]  *Id.* at pp. 6–8.

[12]  Rec. Doc. 1.

[13]  Rec. Doc. 2.

[14]  Rec. Doc. 3.

Court, that the Eastern District of Louisiana was an appropriate venue for the dispute, and that the balance of public and private interest factors did not justify dismissal under forum non conveniens.[15] Judge Zainey also denied Bailey's Federal Rule of Civil Procedure 12(f) motion to strike under Louisiana Code of Civil Procedure article 971.[16]

On February 6, 2014, Judge Zainey held a status conference at which Bailey expressed his intention to seek certification for an interlocutory appeal of Judge Zainey's order denying Bailey's 12(f) motion to strike.[17] On that same day, Judge Zainey stayed the matter pending the resolution of Bailey's appeal.[18]

On February 21, 2014, Bailey filed the instant motion for reconsideration "in light of the newly discovered evidence."[19] On February 25, 2014 Bailey filed a motion to lift the stay.[20] Judge Zainey entered an Order of Recusal on February 25, 2014, citing an indictment recently filed against one of the plaintiffs in the matter.[21] The case was then transferred to this Section, Section "G."[22]

---

[15] Rec. Doc. 38 at pp. 3–17.

[16] *Id.* at pp. 21–22. Article 971 is Louisiana's Anti-SLAPP statute (Strategic Lawsuit Against Public Participation) which was "enacted by the legislature as a procedural device to be used early in legal proceedings to screen meritless claims pursued to chill one's constitutional rights under the First Amendment of the United States Constitution to freedom of speech and press" and encourage public participation in matters of public significance. *Henry v. Lake Charles Am. Press, L.L.C.*, 566 F.3d 164, 169 (5th Cir. 2009) (quoting *Lee v. Pennington*, 2002-0381 (La. App. 4 Cir. 10/16/02); 830 So. 2d 1037, 1041).

[17] Rec. Doc. 39. "A district court's denial of a motion brought under an anti-SLAPP statute such as Article 971 is an immediately-appealable collateral order." *Henry v. Lake Charles Am. Press, L.L.C.*, 566 F.3d 164, 181 (5th Cir. 2009).

[18] *Id.*

[19] Rec. Doc. 43.

[20] Rec. Doc. 44.

[21] Rec. Doc. 45.

[22] *Id.*

4

The Hoffmans filed memoranda in opposition to Bailey's motion to lift the stay and motion for reconsideration on March 25, 2014.[23] On April 1, 2014, with leave of Court, Bailey filed reply memoranda in support of both motions.[24] On April 2, 2014, with leave of Court, the Hoffmans filed a sur-reply in opposition to both of Bailey's motions.[25] On April 11, 2014, with leave of Court, Bailey filed a supplemental memorandum in further support of his motions, urging the Court to take judicial notice of a Superseding Indictment against Peter and Susan Hoffman.[26] With leave of Court, on October 20, 2015, Bailey filed another supplemental memorandum in further support of his motions, urging the Court to take judicial notice of the felony convictions of Peter and Susan Hoffman.[27] On November 5, 2015, Peter Hoffman filed an opposition to Bailey's request for the Court to take judicial notice of his felony conviction.[28]

## II. Parties' Arguments

### A.   Bailey's Arguments in Support of His Motion for Reconsideration

Bailey urges the Court to reconsider the Order denying his motion to dismiss in light of the federal grand jury indictment of Peter Hoffman for conspiracy and wire fraud relating to the applications for tax credits for the 807 Esplanade property.[29] Bailey argues that his motion to dismiss should be reconsidered because he is entitled to due process and equal protection rights, and to

---

[23] Rec. Doc. 54; Rec. Doc. 55.

[24] Rec. Doc. 60; Rec. Doc. 61.

[25] Rec. Doc. 64.

[26] Rec. Doc. 67.

[27] Rec. Doc. 72.

[28] Rec. Doc. 73.

[29] Rec. Doc. 43.

account for newly discovered evidence, timely presented, showing that Bailey's communication with state and federal government officials is protected by the public interest privilege.[30]

Bailey summarizes the charges filed against Peter Hoffman in connection with Hoffman's conduct regarding the 807 Esplanade redevelopment project.[31] Bailey notes that although the Hoffmans attached to their complaint a copy of a report they submitted to the State of Louisiana seeking tax credits for certain expenses associated with the 807 Esplanade project, he has obtained tax returns and financial statements showing that the Hoffmans' report contained false statements.[32] Bailey asserts that, upon reporting the Hoffmans to the Louisiana Division of Historic Preservation, he provided information to investigators with the Federal Bureau of Investigation.[33] Bailey also notes that Peter Hoffman has a "prior adjudicated history of witness intimidation for which he has been sanctioned," a history that Hoffman has "elected to continue" in the present case, in an attempt to "harass, intimidate, and retaliate against yet another witness [] who has provided evidence against [the Hoffmans]."[34]

### 1.     Due Process and Equal Protection

Bailey asserts that because this Court has asserted personal jurisdiction over him based on his November 12, 2012 e-mail message to Jessica Richardson at the Louisiana Division of Historic Preservation, he is entitled to the same constitutional rights as any other defendant over whom the

---

[30] Rec. Doc. 43–1 at pp. 10–21.

[31] *Id.* at pp. 3–4.

[32] *Id.* at pp. 4–5.

[33] *Id.* at p. 6.

[34] *Id.* at pp. 7–9.

Court has jurisdiction.[35] Bailey asserts that since the Hoffmans have sued him for "not less than $3 million" in damages in this Court, and an adverse judgment would "risk . . . his reputation as a chartered accountant," he has "property rights at risk in the jurisdiction of this Court."[36] Therefore, he contends, he is "entitled to the . . . constitutional safeguards of due process and equal protection rights in these proceedings," just as "any other defendant to a defamation action" would be, and also "has the same right to assert the same 'privilege' and other pertinent defenses for his communications with Louisiana state and federal governmental authorities as would any other defendant."[37]

In support, Bailey cites *Plyer v. Doe*,[38] a United States Supreme Court case that he asserts "affirmed constitutional rights of resident aliens to due process and equal protection" and found that the due process and equal protection clauses apply "not only to anyone within a state's boundaries, but also to anyone 'upon whom the state would impose the obligations of its laws.'"[39] In addition, Bailey cites 42 U.S.C. § 1981, asserting that the statute ensures to aliens the same rights to "be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as are enjoyed" by citizens.[40] Bailey also cites a case from the Southern District of Florida, *Garzon v. United States*,[41] in which Bailey asserts the court held that a non-

---

[35] *Id.* at pp. 10–12.

[36] *Id.* at pp. 12–13.

[37] *Id.* at p. 3.

[38] 457 U.S. 202 (1982).

[39] Rec. Doc. 43-1 at pp. 10–11.

[40] *Id.* at p. 11.

[41] 605 F. Supp. 738 (S.D. Fla. 1985).

resident alien was entitled to full Fifth Amendment due process and equal protection rights with respect to his petition for review of a tax assessment.[42]

### 2.    Newly Discovered Evidence

Bailey contends that the order denying his motion to dismiss was premised upon several grounds—jurisdiction, venue, and the applicability of the Louisiana "anti-SLAPP" statute—but that the court did not make any findings regarding his defense of privilege.[43] Ten days after that order was issued, Bailey notes, Peter Hoffman was indicted by a federal grand jury.[44] Bailey argues that the indictment is new evidence that is "clearly material to Bailey's 'privilege' defense" against Hoffman's claims, since it is "consistent with" the information Bailey provided to the State of Louisiana in November 2012.[45] Bailey asserts that the Court may exercise its inherent authority to reconsider the order denying his motion to dismiss and, upon reconsideration, should dismiss Hoffman's defamation claims in light of the indictment.[46]

### 3.    Timeliness

Bailey argues that his motion for reconsideration is timely, because he filed it within 28 days of the Court's January 27, 2014 decision "and within several weeks of the February 6, 2014 grand jury indictment," and because it does not prejudice the Hoffmans.[47]

---

[42] Rec. Doc. 43-1 at p. 12.

[43] *Id.* at p. 14.

[44] *Id.*

[45] *Id.* at pp. 14–15.

[46] *Id.* at pp. 15–16.

[47] *Id.* at p. 16.

### 4.      Public Interest Privilege

Bailey contends that the "'public interest privilege', adopted in Louisiana, bars a claim for defamation," because the public interest privilege protects statements—such as Bailey's statements to state and federal authorities about Hoffman—that were "provided to inform state and federal authorities of . . . misconduct."[48] Bailey maintains that he "cannot be found to have abused that privilege," because the indictment and supporting evidence "are consistent with and confirm Bailey's disclosure" that "the tax credit applications for the 807 Esplanade property were inflated, false, and fraudulent."[49]

### B.      *The Hoffmans' Opposition*

### 1.      Timeliness

In opposition, the Hoffmans contend that Bailey's motion to reconsider "should be denied as untimely," because Bailey filed it during the pendency of a stay imposed until the filing of "a motion of a party after final action by the U.S. Court of Appeals for the Fifth Circuit related to the aforementioned appeal."[50]

### 2.      Newly Discovered Evidence

The Hoffmans argue that even if the Court considers Bailey's motion, it should deny the motion "because it does not demonstrate evidence in existence at the time of the Court's order that would change the outcome."[51] The Hoffmans contend that "actual entry" of Bailey's motion "can

---

[48] *Id.* at pp. 16–20.

[49] *Id.* at p. 20.

[50] Rec. Doc. 53 at p. 7.

[51] *Id.*

only come after the Court lifts the stay in this action," which will be more than twenty-eight days after January 27, 2014 order denying his motion to dismiss, thus necessitating the application of Federal Rule of 60(b) to Bailey's motion.[52] Under Rule 60(b), the Hoffmans argue, a party cannot seek reconsideration on the basis of "evidence that did not exist before the judgment was entered."[53] Here, the Hoffmans argue, since Peter Hoffman was not indicted until February 6, 2014, the indictment had not yet occurred when the Court issued its order denying Bailey's motion to dismiss on January 27, 2014, and the indictment therefore cannot support reconsideration under Rule 60(b).[54] Furthermore, the Hoffmans assert that the evidence of the indictment has no bearing on the Court's analysis and therefore would not have changed the January 27, 2014 Order.[55]

The Hoffmans also contend that the Court would reach the same result if it resolved Bailey's motion under Federal Rule of Civil Procedure 59.[56] The Hoffmans assert that in order to merit reconsideration pursuant to Rule 59, evidence must be in existence at the time of the court's order but unavailable to the movant with reasonable due diligence and sufficient to "alter the prior ruling."[57]

---

[52] *Id.* at pp. 7–8.

[53] *Id.* at p. 8 (quoting *Card v. Keller*, 543 F. App'x 377, 379 (5th Cir. 2013)).

[54] *Id.* at p. 9.

[55] *Id.*

[56] *Id.*

[57] *Id.* at pp. 10–11 (citing *Alfaro v. Nat'l R.R. Passenger Corp.*, No. 10-1912, 2013 WL 470109, at *1 (E.D. La. Feb. 7, 2013) (Lemmon, J.); *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, MDL No. 07-1873, 2011 WL 6130788, at *3 (E.D. La. Dec. 21, 2011) (Engelhardt, J.)).

### 3.      Public Interest Privilege

The Hoffmans assert that Peter Hoffman's indictment has "no bearing" on the Court's prior order, since that order concluded that Bailey, a non-resident alien, could not assert First Amendment rights based on the communications giving rise to the Hoffmans' defamation claim.[58] The Hoffmans assert that Peter Hoffman's indictment "provides no basis for reconsideration of the order," since the indictment "does nothing to change the fact that Bailey is not afforded free speech rights under the United States and Louisiana Constitutions."[59]

### 4.      Relevance of the Indictment

The Hoffmans argue that Peter Hoffman's indictment arises from his dealings with an unrelated Louisiana tax credit program for film investments, making Bailey's statements to the Louisiana Division of Historic Preservation about the Property "readily distinguishable" from the charges in the indictment, and rendering the indictment "wholly irrelevant" to the present motion.[60]

Furthermore, the Hoffmans contend that the "indictment itself is proof of nothing," and assert that Bailey already raised the preceding federal investigation in connection with his Motion to Strike, prompting Section "A" of this Court to "consider[] it and properly [find] it irrelevant to the motion."[61] The Hoffmans assert that the indictment does not change the "fact . . . that Bailey had absolutely no basis for his statements[.]"[62]

---

[58]  *Id.* at 13–14.

[59]  *Id.* at p. 15.

[60]  *Id.* at pp. 16–17.

[61]  *Id.* at p. 18.

[62]  *Id.* at p. 18.

## C.    *Bailey's Reply*

In further support of his motion, Bailey contends that Peter Hoffman's indictment conclusively shows probable cause that the Hoffmans' tax credit applications were fraudulent, providing further confirmation that Bailey's statements were privileged.[63] According to Bailey, the Hoffmans must prove "an unprivileged publication to a third party" in order to establish a defamation claim.[64] Before the indictment, Bailey avers, the Hoffmans successfully argued against dismissal on the basis that Bailey's communication may have been an "abuse of the privilege."[65] The indictment, Bailey argues, establishes as a matter of law that he did not act recklessly, and therefore did not abuse the public interest privilege.[66] Indeed, Bailey argues, the "recent federal grand jury indictment and related equitable considerations cry out, on grounds of 'public interest privilege,' for reconsideration . . . and thus removal of the cloud against Bailey testifying and providing evidence for ongoing proceedings against Hoffman by the FBI, the U.S. Attorney, and the Louisiana state government."[67]

In response to the Hoffmans' argument that the indictment, which was not issued until February 6, 2014, cannot serve as the basis of a decision rendered approximately ten days earlier, Bailey contends that the Court may grant his motion and reconsider the disputed order under Federal Rule of Civil Procedure 60(b)(6), which "encompasses equitable principles in dealing with, and so permits relief to be granted on equitable grounds from, a decision not otherwise eligible for

---

[63]  Rec. Doc. 60 at pp. 3–5.

[64]  *Id.* at p. 5.

[65]  *Id.*

[66]  *Id.* at pp. 5–6.

[67]  *Id.* at p. 8.

reconsideration under Rule 60(b) clauses (1) through (5)."[68] According to Bailey, courts have granted reconsideration under Rule 60(b)(6) for "key facts not previously disclosed to the court," and when "the grounds for [a] prior decision were undercut by a government entity's subsequent action."[69]  Bailey further asserts that he timely filed the instant motion on February 21, 2014, two weeks after the February 6, 2014 grand jury indictment and ten days after the January 27, 2014 order denying his motion to dismiss.[70]

Bailey contends that granting his motion will "prevent manifest injustice - by removing from Bailey the cloud of unjust defamation claims which seek at least $3 million from him; which stain his professional reputation as a chartered accountant; and which burden his time and require him to bear continuing legal fees and other costs."[71] Bailey also asserts that "the public interest will be served" if the Court grants his motion, since the public interest privilege "is intended to encourage reporting criminal and other misconduct to governmental authorities."[72] Bailey argues that dismissing the Hoffmans' claims will "permit [him] to testify freely in proceedings against [the Hoffmans], without ongoing fear of . . . intimidation and retaliation."[73] Bailey also contends that "reconsideration and dismissal of the defamation claims will assist judicial economy," since Hoffman allegedly has a history of litigation misconduct.[74] Additionally, Bailey asserts, dismissing

---

[68] *Id.* at pp. 6–7 (citing *Bros. Inc. v. W. E. Grace Mfg. Co.*, 320 F.2d 594, 608 (5th Cir. 1963)).

[69] *Id.* at p. 7 (citing *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980)).

[70] *Id.* at p. 8.

[71] *Id.*

[72] *Id.* at pp. 8–9.

[73] *Id.* at p. 9.

[74] *Id.*

the present action will not prejudice the Hoffmans, since they will "save the time and costs which they would otherwise incur in litigation of their improvident claims."[75]

### D.      *The Hoffmans' Sur-Reply*

#### 1.      Federal Rule of Civil Procedure 60(b)(6)

In further opposition, the Hoffmans argue that Bailey cannot seek reconsideration under Federal Rule of Civil Procedure 60(b)(6) because his asserted basis for reconsideration, "new evidence," is already covered by Federal Rule of Civil Procedure 60(b)(2).[76] The Hoffmans claim that Federal Rule of Civil Procedure 60(b)(6) only supports reconsideration where no other Federal Rule of Civil Procedure addresses the asserted basis for relief, and here, Rule 60(b)(2) covers "new evidence."[77]

In any event, the Hoffmans assert, Bailey "must show 'extraordinary circumstances'" that make the initial judgment "manifestly unjust" in order to obtain relief under Federal Rule of Civil Procedure 60(b)(6).[78] The Hoffmans maintain that Bailey does not "even suggest [] that extraordinary circumstances exist here," and argue that Bailey likewise fails to explain how the January 27, 2014 Order denying his motion to dismiss was "manifestly unjust" in light of the

---

[75] *Id.*

[76] Rec. Doc. 64 at p. 2 (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988)).

[77] *Id.*

[78] *Id.* at p. 3.

February 6, 2014 indictment.[79] Indeed, the Hoffmans contend, "[a]ll Bailey seeks is relitigation of the issues already litigated on his motion to dismiss."[80]

### 2.      Relevance of the Indictment

Addressing Peter Hoffman's indictment, the Hoffmans reiterate that the indictment dealt with "different tax credits for different expenses, available under different Louisiana statutes and regulations, from different governmental entities, for different business entities," and contend that Bailey fails to explain why the indictment is relevant to his statements about the tax credit program at issue in the present case.[81] Furthermore, the Hoffmans contend that the indictment of Peter Hoffman has no relevance to Bailey's defamatory statements about Susan Hoffman.[82] Finally, the Hoffmans argue that Bailey's attempt to use the indictment as "evidence" justifying reconsideration is misplaced, since the indictment is "outside the pleadings and would not be before the Court on a Motion to Dismiss."[83]

### E.      *Bailey's Supplemental Memorandum*

In further support of his motion, Bailey urges the Court to take judicial notice of Susan Hoffman's April 3, 2014 indictment, which, according to Bailey, "negates the Hoffman's [sic] prior argument that Susan Hoffman had not been indicted or implicated in the fraudulent tax credit

---

[79] *Id.* at pp. 3–4 (citing *Kennedy Marr Offshore Singapore PTE Ltd. v. Techcrane Intern. Inc.*, No. 12-1985, 2013 WL 5701664, at *5 (E.D. La. Oct. 18, 2013) (Africk, J.)).

[80] *Id.* at p. 4.

[81] *Id.* at p. 5.

[82] *Id.*

[83] *Id.* at p. 6.

applications with respect to the 807 Esplanade property."[84] This indictment, according to Bailey, demonstrates that, "as a matter of law, Bailey cannot have acted recklessly, and so cannot have abused the 'public interest privilege,' in giving notice to the Louisiana government (and also the FBI and the U.S. Attorney) of fraudulent tax credit applications by Peter and Susan Hoffman with respect to the 807 Esplanade Property."[85] Accordingly, Bailey contends that the defamation claims against him should be dismissed with prejudice.[86]

### F.    *Bailey's Second Supplemental Memorandum*

In a second combined supplemental memorandum in further support of Motion to Stay and Motion for Reconsideration, filed October 20, 2015, Bailey urges the Court to take judicial notice of the fact that both Peter and Susan Hoffman have been convicted of multiple felonies for their fraudulent tax credit applications regarding the 807 Esplanade property after a second superseding indictment was filed against them.[87] Bailey also asserts that following the convictions of the Hoffmans, counsel for Bailey sent a letter to counsel for Peter Hoffman and to Susan Hoffman, who is now appearing *pro se*, requesting that they dismiss their defamation suit.[88] Bailey asserts, however, that the Hoffmans have not responded to the letters.[89]

---

[84] Rec. Doc. 67 at pp. 1–2.

[85] *Id.* at p. 2.

[86] *Id.*

[87] Rec. Doc. 72 at pp. 1–2.

[88] *Id.* at p. 3.

[89] *Id.*

### G.      Peter Hoffman's Opposition to Bailey's Request for Judicial Notice

In his opposition, Peter Hoffman asserts that his conviction involved allegations of fraud in obtaining Louisiana film infrastructure tax credits related to the 807 Esplanade property, not claims regarding the Louisiana state historic rehabilitation tax credits related to the property.[90] Peter Hoffman asserts that the government did not bring any charges of fraud regarding the obtainment of historic rehabilitation credits, which were the subject of Bailey's statements.[91] According to Peter Hoffman, the government's allegations in the criminal matter were that an actual cash payment of a qualified infrastructure expenditure was required in order to obtain infrastructure credits; however, such cash payments are not required to obtain historic rehabilitation credits.[92] Hoffman also asserts that his Motion for Judgment of Acquittal and Motion for a New Trial is under consideration.[93]

### III. Law and Analysis

### A.      Legal Standard

Although the Fifth Circuit has noted that the Federal Rules of Civil Procedure "do not recognize a 'motion for reconsideration' *in haec verba*,"[94] it has consistently recognized that such a motion may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e),or

---

[90] Rec. Doc. 73 at p. 1.

[91] *Id.*

[92] *Id.* at p. 2.

[93] *Id.*

[94] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

60(b).[95] When a party seeks to revise an order that adjudicates fewer than all the claims among all

of the parties, Federal Rule of Civil Procedure 54(b) controls:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.[96]

Under Rule 54(b), the district court "possesses the inherent procedural power to reconsider,

rescind, or modify an interlocutory order for cause seen by it to be sufficient"[97] However, this broad

discretion must be exercised sparingly in order to forestall the perpetual reexamination of orders and

the resulting burdens and delays.[98]

The general practice of courts in the Eastern District of Louisiana has been to evaluate Rule

54(b) motions to reconsider interlocutory orders under the same standards that govern Rule 59(e)

motions to alter or amend a final judgment.[99] Such a motion "calls into question the correctness of

a judgment,"[100] and courts have considerable discretion in deciding whether to grant such a

motion.[101]  In exercising this discretion, courts must carefully balance the interests of justice with

---

[95] *Id.* (Rules 59 and 60); *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at **3–4 (E.D. La. Apr. 5, 2010) (Vance, C.J.) (Rule 54).

[96] Fed. R. Civ. P. 54(b).

[97] *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981).

[98] *See Calpetco 1981 v. Marshall Expl., Inc.*, 989 F.2d 1408, 1414–15 (5th Cir. 1993); 18B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 4478.1 (2d ed. 2002).

[99] *See, e.g., Castrillo v. Am. Home Mortg. Servicing, Inc*, No. 09-4369, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010) (Vance, C.J.); *Rosemond v. AIG Ins.*, No. 08-1145, 2009 WL 1211020, at *2 (E.D. La. May 4, 2009) (Barbier, J.); *In re Katrina Canal Breaches*, No. 05-4182, 2009 WL 1046016, at *1 (E.D. La. Apr. 16, 2009) (Duval, J.).

[100] *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.)*, 303 F.3d 571, 581 (5th Cir. 2002).

[101] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

the need for finality.[102] Courts in the Eastern District of Louisiana have generally considered four

factors in deciding motions for reconsideration under the Rule 59(e) standard:

(1)     whether the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;

(2)     whether the movant presents newly discovered or previously unavailable evidence;

(3)     whether the motion is necessary in order to prevent manifest injustice; or

(4)     whether the motion is justified by an intervening change in controlling law.[103]

A motion for reconsideration "'[is] not the proper vehicle for rehashing evidence, legal

theories, or arguments . . .'"[104] Instead, such motions "serve the narrow purpose of allowing a party

to correct manifest errors of law or fact or to present newly discovered evidence."[105] "It is well

settled that motions for reconsideration should not be used . . . to re-urge matters that have already

been advanced by a party."[106]

Reconsideration, therefore, is not to be lightly granted, as "[r]econsideration of a judgment

after its entry is an extraordinary remedy that should be used sparingly"[107] and the motion must

"clearly establish" that reconsideration is warranted.[108]  When there exists no independent reason

---

[102] *Id.* at 355–56.

[103] *See, e.g.*, *Castrillo*, 2010 WL 1424398, at *4 (citations omitted).

[104] *Id.* (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)).

[105] *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982)).

[106] *Helena Labs Corp. v. Alpha Scientific Corp.*, 483 F. Supp. 2d 538, 539 (E.D. Tex. 2007) (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

[107] *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478–79 (citation omitted).

[108] *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[109]

### B.    Analysis

In his motion, Bailey seeks reconsideration of Judge Zainey's January 27, 2014 Order denying his motion to dismiss the defamation claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6).[110] On August 26, 2013, Bailey filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), 12(b)(4), 12(b)(5), 12(b)(6), and 12(f).[111] Bailey now asserts that he is entitled to dismissal of all claims of defamation in light of the "newly discovered evidence" of the federal grand jury indictment of Peter Hoffman for conspiracy and wire fraud regarding applications for tax credits relating to the 807 Esplanade property.[112] Bailey contends that the new evidence is "clearly material to Bailey's 'privilege' defense against Hoffman's improvident defamation claims."[113] Bailey also appears to argue that his motion for reconsideration is necessary to correct a manifest error of law. Bailey contends that, having been found subject to the jurisdiction of this Court, he has equal protection and due process rights to assert the same defenses as any other

---

[109] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 481 (M.D. La. 2002); *see also Mata v. Schoch*, 337 BR 138, 145 (S.D. Tex. 2005) (refusing reconsideration where the parties simply relied on the same arguments they had previously made); *FDIC v. Cage*, 810 F. Supp. 745, 747 (S.D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

[110] Rec. Doc. 43.

[111] Rec. Doc. 3.

[112] Rec. Doc. 43 at p. 1. Since the filing of his motion, Bailey has also asked the Court to take judicial notice of an indictment against Susan Hoffman, Rec. Doc. 67, as well as the convictions of Peter and Susan Hoffman of wire fraud, mail fraud, and other misconduct relating to fraudulent tax credit applications relating to the 807 Esplanade property. Rec. Doc. 72.

[113] Rec. Doc. 43-1 at p. 15.

litigant.[114] He also asserts that his defense of "public interest privilege" bars a claim for defamation and therefore the claims against him should be dismissed.[115] Finally, Bailey asserts that he is entitled to reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(6) pursuant to which the court may relieve a party "from a final judgment, order or proceeding for . . . any other reason that justifies relief."

Initially, however, the Court notes that Judge Zainey's Order addressed Bailey's motion to dismiss for insufficient process, insufficient service of process, lack of personal jurisdiction, improper venue, forum non conveniens, and Bailey's Federal Rule of Civil Procedure 12(f) motion to strike under Louisiana Code of Civil Procedure article 971.[116] In deciding Bailey's 12(f) motion, Judge Zainey did not reach Bailey's arguments regarding his privilege defense to the Hoffmans' defamation claims, having found that because Bailey was "not entitled to free speech rights under either the United States or Louisiana Constitution, [he] [could not] make a prima facie showing that the alleged communications giving rise to this dispute were in furtherance of those rights."[117] Therefore, Judge Zainey held that "[Bailey's] cause of action [was] not subject to an Article 971 special motion to strike."[118]

Bailey's motion is styled as a motion for "reconsideration, amendment, and alteration of this Court's January 27, 2014 decision and for dismissal of the claims against him."[119] The Court notes

---

[114] *Id.* at p. 13.

[115] *Id.* at p. 16.

[116] Rec. Doc. 38.

[117] *Id.* at p. 21.

[118] *Id.* at pp. 21–22.

[119] Rec. Doc. 43.

that although Bailey asserted in his original motion that he was also moving for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), Bailey did not make any arguments in support of this motion.

### 1.    Timeliness of the Motion

The Hoffmans first contend that Bailey's motion for reconsideration is untimely because he filed his motion while the case was stayed without seeking leave of Court to do so.[120] Bailey contends that the motion is timely because it was brought within 28 days of the Court's January 27, 2014 decision and within weeks of the February 6, 2014 grand jury indictment.[121] Although Federal Rules of Civil Procedure 59 and 60 set forth specific time frames during which reconsideration may be sought,[122] Rule 54 sets forth no such limitation.[123] The case was stayed at the time Bailey filed the motion for reconsideration, therefore the filing of the motion was improper. However, the motion has been fully briefed by both parties and if the Court were to dismiss the motion on grounds of untimeliness, Bailey could simply re-file his motion. Accordingly, the Court will turn to the merits of Bailey's motion.

---

[120]   Rec. Doc. 53 at p. 7.

[121]   Rec. Doc. 43-1 at p. 16.

[122]   Fed R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); Fed. R. Civ. P. 60(c) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.").

[123]   Fed. R. Civ. P. 54(b) (stating that the order "may be revised at any time" before entry of final judgment). The only limitation imposed on Rule 54(b) reconsideration is if the court issues an order expressly stating that there is "no just reason for delay," in which case the order becomes a final, appealable judgment. *Zapata Gulf Marine Corp. v. Puerto Rico Maritime Shipping Auth.*, 925 F.2d 812, 815 (5th Cir.1991).

### 2.       Reconsideration of Motion to Dismiss Pursuant to Rule 12(b)(6)

Bailey does not move for reconsideration of Judge Zainey's ruling regarding Bailey's 12(f) motion to strike pursuant to Louisiana Code of Civil Procedure article 971; rather, he moves for reconsideration of the Court's denial of his motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[124] Bailey asserts that the Court "implicitly denied Bailey's motion to dismiss for failure to state a cognizable claim, although its decision made no express findings or rulings thereon."[125] Bailey asserts that his "public interest privilege" defense bars a claim of defamation.[126]

In Bailey's motion to dismiss, however, he asserted that "solely in the alternative and out of an abundance [sic], and without waiving his [Federal Rule of Civil Procedure] 12(b)(2), (4), and (5) motions, asserts 12(b)(6) motion for failure to state a claim upon which relief can be granted solely out of precaution to preserve the right to more fully argue this motion at a later date."[127] A motion for reconsideration "cannot be used to raise argument which could, and should, have been made" before the court renders its decision.[128] Bailey did not make any arguments regarding a motion to dismiss pursuant to Rule 12(b)(6). Rather, Bailey argued that the Hoffmans had failed to establish a probability of success on their claim for defamation pursuant to Article 971, which "requires more than that which is necessary to survive a normal motion to dismiss."[129] Therefore, because Bailey

---

[124] Rec. Doc. 60 at p. 3.

[125] Rec. Doc. 43-1 at p. 14.

[126] *Id.* at p. 16.

[127] Rec. Doc. 3 at p. 3.

[128] *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (quoting *Fed. Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)).

[129] Rec. Doc. 3-2 at p. 15; *Henry v. Lake Charles Am. Press, L.L.C.*, 566 F.3d 164, 182 (5th Cir. 2009).

23

did not make any arguments regarding his motion to dismiss pursuant to Rule 12(b)(6), and because a motion for reconsideration cannot be used to raise arguments which could and should have been made, the Court denies Bailey's motion for reconsideration of the Court's denial of his Rule 12(b)(6) motion to dismiss.

## IV. Conclusion

Bailey seeks reconsideration of his Federal Rule of Civil Procedure 12(b)(6) motion to dismiss.[130] It does not appear from the record that Bailey made any arguments regarding a motion to dismiss for failure to state a claim upon which relief can be granted. Therefore, it does not appear that Judge Zainey had the opportunity to consider the motion in the first instance. In light of this, if Bailey wishes to file a motion to dismiss or a motion for summary judgment, the Court will consider such a motion at that time.

---

[130]  Rec. Doc. 60 at p. 3.

Accordingly;

**IT IS HEREBY ORDERED** that Bailey's "Motion of Defendant David Bailey Pursuant to Rules 59(e) and 60(b) for Reconsideration, Amendment, and Alteration of this Court's January 27, 2014 Decision and for Dismissal of the Claims Against Him in Light of the Newly-Issued Grand Jury Indictment Against Plaintiff Peter Hoffman For Conspiracy and Wire Fraud Relating to the 807 Esplanade Property"[131] is **DENIED** because it does not appear from the record that Bailey's Rule 12(b)(6) motion to dismiss was considered in the first instance before Judge Zainey.

**NEW ORLEANS, LOUISIANA**, this ___22nd___ day of December, 2015.

*Nannette Jolivette Brown*

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[131] Rec. Doc. 43.

25