**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **PETER HOFFMAN, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-5153** |
| **DAVID BAILEY** | **SECTION: "G"(5)** |

## ORDER

In this case, Plaintiffs Peter and Susan Hoffman (collectively "Hoffmans") allege that Defendant David Bailey ("Bailey") falsely accused them of fraudulent conduct in connection with their participation in a tax incentive program.[1] Pending before the Court is Bailey's "Motion Pursuant to Rule 12(b)(6) to Dismiss the Complaint 'With Prejudice' As It Cannot State a Cognizable Claim Upon Which Relief Can Be Granted Against Him."[2] Having considered the motion, the memoranda in support, the memoranda in opposition, the record, and the applicable law, the Court will deny the motion.

## I. Background

### A.    *Factual Background*

In their complaint, the Hoffmans allege that Susan Hoffman is owner of Seven Arts Pictures Louisiana LLC ("SAPLA"), which owns real property located at 807 Esplanade Avenue in New Orleans, Louisiana (the "Property").[3] The Hoffmans allege that SAPLA engaged in substantial rehabilitation of the Property in order to restore and rehabilitate its historic character and to convert

---

[1]  Rec. Doc. 1.

[2]  Rec. Doc. 80.

[3]  Rec. Doc. 1 at p. 2.

1

the Property in order to be used as a motion picture post-production facility.[4] The Hoffmans allege that SAPLA obtained a letter from the Louisiana Department of Economic Development certifying that the Property was eligible for Louisiana film infrastructure tax credits and received certification from the United States Department of Interior that the Property, as restored, qualified for United States historical rehabilitation tax credits.[5] The Hoffmans also allege that SAPLA has requested, but has not yet received, certification from the Louisiana State Historic Preservation Office ("SHPO") that the Property qualifies for Louisiana historic rehabilitation tax credits.[6]

According to the Hoffmans, Seven Arts Pictures plc ("PLC"), an English public limited company led by Peter Hoffman until November 9, 2011, hired Bailey as its Finance Director in August 2009.[7] Bailey left that position in December 2009.[8] Subsequently, in November 2012, Bailey allegedly sent an e-mail message to the SHPO accusing the Hoffmans of perpetrating a "major economic fraud" by filing a fraudulent application for rehabilitation tax credits, making false expense claims, and improperly diverting funds used for renovation.[9]

The Hoffmans claim that Bailey's November 2012 e-mail message is "untrue and [was] made maliciously without any basis in fact and with an intent to damage plaintiffs' reputations, successes, and good will," and was intended "to embarrass plaintiffs and to damage plaintiffs' business

---

[4] *Id.* at p. 3.

[5] *Id.*

[6] *Id.*

[7] *Id.* at p. 4.

[8] *Id.*

[9] *Id.*

relationships."[10] In support of this assertion, the Hoffmans contend that: (1) Bailey has never seen the reports summarizing the rehabilitation expenditures, nor the accounting "backup" on which the reports are based; (2) Bailey had "no knowledge whatsoever" of the items claimed in those reports, and had no responsibility for "any of these expenses at any time," including during his tenure as PLC's Finance Director; (3) the audit report of the renovation project "was certified by a reputable Louisiana firm of certified public accountants who fully reviewed every item therein;" (4) all "related party" payments are disclosed in one of the reports; (5) the property "is now rehabilitated and restored to its historic character in a model of such renovation," although Bailey has "never personally viewed the Property, either before or after its historic rehabilitation."[11] The Hoffmans claim that Bailey's conduct constitutes defamation and defamation per se.[12]

## B.    *Procedural Background*

The Hoffmans filed a complaint in this matter on July 23, 2013.[13] On July 24, 2013, the matter was assigned to Section "A" of this District.[14] On August 23, 2013, Bailey filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), 12(b)(4), 12(b)(5), 12(b)(6), and 12(f).[15] On January 27, 2014, Judge Zainey denied Bailey's motion to dismiss, holding that Bailey had been properly served process, that Bailey was subject to specific personal jurisdiction of the Court, that the Eastern District of Louisiana was an appropriate venue for the dispute, and that

---

[10]   *Id.* at p. 5.

[11]   *Id.* at pp. 5–6.

[12]   *Id.* at pp. 6–8.

[13]   Rec. Doc. 1.

[14]   Rec. Doc. 2.

[15]   Rec. Doc. 3.

the balance of public and private interest factors did not justify dismissal under forum non conveniens.[16] Judge Zainey also denied Bailey's Federal Rule of Civil Procedure 12(f) motion to strike under Louisiana Code of Civil Procedure article 971.[17] On February 6, 2014, Judge Zainey held a status conference at which Bailey expressed his intention to seek certification for an interlocutory appeal of Judge Zainey's order denying Bailey's 12(f) motion to strike.[18] On that same day, Judge Zainey stayed the matter pending the resolution of Bailey's appeal.[19]

On February 21, 2014, Bailey filed a motion for reconsideration "in light of the newly discovered evidence."[20] On February 25, 2014, Bailey filed a motion to lift the stay.[21] Judge Zainey entered an Order of Recusal on February 25, 2014, citing an indictment recently filed against one of the plaintiffs in the matter.[22] The case was then transferred to this Section, Section "G."[23] This Court granted the motion to lift the stay and denied the motion for reconsideration on December 23,

---

[16] Rec. Doc. 38 at pp. 3–17.

[17] *Id.* at pp. 21–22. Article 971 is Louisiana's Anti-SLAPP statute (Strategic Lawsuit Against Public Participation) which was "enacted by the legislature as a procedural device to be used early in legal proceedings to screen meritless claims pursued to chill one's constitutional rights under the First Amendment of the United States Constitution to freedom of speech and press" and encourage public participation in matters of public significance. *Henry v. Lake Charles Am. Press, L.L.C.*, 566 F.3d 164, 169 (5th Cir. 2009) (quoting *Lee v. Pennington*, 2002-0381 (La. App. 4 Cir. 10/16/02); 830 So. 2d 1037, 1041).

[18] Rec. Doc. 39. "A district court's denial of a motion brought under an anti-SLAPP statute such as Article 971 is an immediately-appealable collateral order." *Henry v. Lake Charles Am. Press, L.L.C.*, 566 F.3d 164, 181 (5th Cir. 2009).

[19] *Id.*

[20] Rec. Doc. 43.

[21] Rec. Doc. 44.

[22] Rec. Doc. 45.

[23] *Id.*

4

2015, stating that it did not appear from the record that Bailey's Federal Rule of Civil Procedure 12(b)(6) motion to dismiss was considered in the first instance before Judge Zainey.[24]

Since this action was filed, the Hoffmans have been convicted of multiple wire fraud, mail fraud, and conspiracy felonies in connection with tax credit applications regarding the 807 Esplanade Property.[25]

Bailey filed the instant motion to dismiss on December 30, 2015.[26] Peter Hoffman filed an opposition on January 13, 2016.[27] Susan Hoffman did not file an opposition, timely or otherwise. With leave of Court, Bailey filed a reply on January 20, 2016.[28]

## II. Parties' Arguments

### A.   Bailey's Arguments in Support of Dismissal

Bailey moves to dismiss the Hoffmans' claims of defamation and defamation per se pursuant to Federal Rule of Civil Procedure 12(b)(6).[29] Bailey asserts that the Louisiana Supreme Court has repeatedly described the elements of a claim for defamation as: "(1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury."[30] Bailey contends that the only purported defamatory statement cited by the Hoffmans is his November 2012 email "giving notice

---

[24] Rec. Doc. 77; Rec. Doc. 78 at p. 25.

[25] Rec. Doc. 80-1 at p. 6; Rec. Doc. 81 at p. 9.

[26] Rec. Doc. 80.

[27] Rec. Doc. 81.

[28] Rec. Doc. 82.

[29] Rec. Doc. 80.

[30] Rec. Doc. 80-1 at p. 21 (citing *Kennedy v. Sheriff of E. Baton Rouge*, No. 2005-C-1418 (La. 7/10/06); 935 So. 2d 669, 674).

to the State of Louisiana of the Hoffmans' fraudulent tax credit applications as to the 807 Esplanade Property."[31] According to Bailey, in light of the Hoffmans' convictions for wire and mail fraud and conspiracy felonies with respect to the fraudulent tax credit applications, the Hoffmans cannot now establish any of the four elements necessary to constitute a cognizable defamation claim against Bailey.[32]

With regard to the first element, Bailey asserts that the Louisiana Supreme Court has found truth to be an absolute defense and it is sufficient for the allegedly defamatory statement to be "substantially true," where the "unimportant details need not be accurate."[33] Bailey also cites the Fifth Circuit in *Zerangue v. TSP Newspapers* in support of his assertion that a publication is protected if it is "substantially true."[34] Quoting the Fifth Circuit, Bailey asserts that "the court must view the story through the eyes of the average reader or member of the audience" to determine if the story's "'gist' or 'sting' is true."[35]

Furthermore, Bailey asserts that the defamation claims must be dismissed pursuant to what he calls the *Heck* doctrine or the "favorable termination rule."[36] According to Bailey, the United States Supreme Court, in *Heck v. Humphrey*, held that a court must dismiss a complaint when a judgment in favor of the plaintiff would imply that the plaintiff's criminal conviction or sentence

---

[31] *Id.* (citing Rec. Doc. 1-3 at p. 30).

[32] *Id.*

[33] *Id.* at p. 22 (citing *Romero v. Thomson Newspapers (Wisconsin), Inc.*, No. 94-1105 (La. 1/17/95); 648 So. 2d 866, 870.

[34] *Id.* (citing 814 F.2d 1066, 1073 (5th Cir. 1987)).

[35] *Id.* (citing *Zerangue*, 814 F.2d at 1073)).

[36] *Id.* (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)).

was invalid.[37] Bailey contends that the Hoffmans' felony convictions bar them from asserting defamation claims.[38] Bailey argues that now that the Hoffmans have been convicted of wire fraud, mail fraud, and conspiracy felonies with respect to fraudulent tax credit applications as to the 807 Esplanade Property, their criminal convictions conclusively confirm that Bailey's notice to Louisiana was "true or substantially true," namely that the Hoffmans were making fraudulent tax credit applications to the State of Louisiana with respect to the 807 Esplanade Property.[39] Bailey asserts that another section of the Eastern District of Louisiana, in *Mitchell v. Jefferson Parish Correctional Center*, applied this doctrine to defamation claims and dismissed a defamation claim for failure to state a claim upon which relief can be granted because the claim would necessarily imply the invalidity of the prior conviction.[40]

Turning to the second element, whether the communication was privileged, Bailey contends that under Louisiana law, reporting a crime to governmental authorities is protected by a qualified privilege.[41] According to Bailey, the Louisiana Supreme Court has held that this qualified privilege protects the person reporting the crime so long as the report was made "without knowing falsity or reckless disregard for the truth."[42] Bailey contends that the assertion of the qualified privilege shifts the burden to the plaintiff to establish abuse of the privilege, which requires the plaintiff to show that

---

[37] *Id.* at p. 23 (citing *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006)).

[38] *Id.* at p. 24.

[39] *Id.* at pp. 23–24.

[40] *Id.* at p. 23 (citing No. 13-4963, 2013 WL 6002770 (E.D. La. Nov. 12, 2013) (Africk, J.)).

[41] *Id.* at p. 25 (citing *Kennedy v. Sheriff of E. Baton Rouge*, No. 2005-C-1418 (La. 7/10/06); 935 So. 2d 669, 674).

[42] *Id.* (citing *Kennedy,* 935 So. 2d at 686).

the defendant knew the defamatory statement to be false, or that they acted in reckless disregard as to the statement's truth or falsity.[43]

As for the third element, the fault on the part of the publisher, Bailey asserts that the Hoffmans' felony convictions confirm that Bailey did not act with negligence or other fault as the allegations have now been proven to be correct and true.[44] Therefore, Bailey contends, the Hoffmans cannot establish the third element of a defamation claim against Bailey.[45] Finally, addressing the fourth element, that there was a resulting injury to the Hoffmans as a result of the defamatory statement, Bailey asserts that the injuries purportedly suffered by the Hoffmans result from their own misconduct rather than Bailey's notice of their misconduct to the State of Louisiana.[46]

In Bailey's conclusion, he also requests that the Court sanction Peter Hoffman for his misconduct and award Bailey legal fees and costs as Peter Hoffman has refused to dismiss the claims against Bailey.[47] Citing *Mitchell*, Bailey contends that because the Hoffmans' claims for defamation would necessarily imply invalidity of their convictions and are so "barred," the defamation claims are "legally frivolous."[48]

Along with his motion to dismiss, Bailey has also filed a "Request to Take Judicial Notice," in which he requests that the Court take judicial notice of several filings in the criminal actions against the Hoffmans, Peter Hoffman's suspension from the practice of law in California, documents

---

[43] *Id.* at pp. 25–26 (citing *Kennedy*, 935 So. 2d at 687).

[44] *Id.* at p. 27.

[45] *Id.*

[46] *Id.* at p. 28.

[47] *Id.* at p. 29.

[48] *Id.* at p. 25 (citing No. 13-4963, 2013 WL 6002770 at *4 (E.D. La. Nov. 12, 2013) (Africk, J.))

relating to insolvency proceedings of PLC, and prior court orders in other cases finding that Peter

Hoffman had engaged in misconduct.[49] Bailey contends that, in deciding a Rule 12(b)(6) motion to

dismiss, the Court may consider not only the contents of the complaint but also adjudications and

other matters of public record.[50]

**B.      *Peter Hoffman's Arguments in Opposition to Dismissal***

Peter Hoffman opposes the motion to dismiss on the grounds that the motion is based on

factual claims rather than the legal sufficiency of the complaint.[51] Peter Hoffman also opposes

Bailey's request for judicial notice of the Hoffmans' convictions, asserting that Bailey has not made

a proper request pursuant to Federal Rule of Evidence 201(b) and that judicial notice of records of

another judicial proceeding may not be used to prove the truth of facts asserted therein.[52]

Peter Hoffman asserts that Bailey does not appear to contest that his statements are

defamatory per se or that the complaint properly alleges the four elements of defamation under

Louisiana law, but instead Bailey focuses only on his defenses.[53] Peter Hoffman contends that it has

long been established in Louisiana that if statements are defamatory per se, the elements of fault,

falsity and injury are presumed.[54]

---

[49] Rec. Doc. 80-3.

[50] Rec. Doc. 80-1 at p. 6 (citing *State of Louisiana v. United States*, 656 F. Supp. 1310, 1314 n.6 (W.D. La. 1986)).

[51] Rec. Doc. 81 at p. 1.

[52] *Id.* at p. 2 (citing *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994); *United States v. City of New Orleans*, 947 F. Supp. 2d 601, 617 n.103 (E.D. La. 2013)).

[53] *Id.* at p. 3.

[54] *Id.* (citing *Kennedy v. Sheriff of E. Baton Rouge*, No. 2005-C-1418 (La. 7/10/06); 935 So. 2d 669, 674).

Furthermore, Peter Hoffman contends that the criminal allegations were solely focused upon three applications related to Louisiana film infrastructure tax credits and did not have anything to do with applications for state historic rehabilitation credits.[55] Peter Hoffman asserts that there was no allegation in any indictment that "funds used to renovate the property [sic] were improperly transferred to a related party," as Bailey's email states.[56] Peter Hoffman further contends that although Bailey claimed in the email that "all applications . . . submitted by the Hoffmans are fraudulent," Bailey offers no evidence or argument in support of a claim that the requirements of federal or state tax fraud are met regarding the application for historic tax credits.[57] In the alternative, Peter Hoffman claims that if Bailey's email is to be understood as stating that the Hoffmans had committed civil fraud pursuant to Louisiana Civil Code article 1953, Peter Hoffman asserts that there is no proof of any detrimental reliance by any person on a false representation made by either of the Hoffmans in connection with the state historic tax credits.[58]

In addition, Peter Hoffman contends that Bailey refers to the Hoffmans' criminal case in which the Hoffmans were convicted under the mail fraud and wire fraud statutes pursuant to 18 U.S.C. §§ 1341, 1343.[59] However, Peter Hoffman asserts, Bailey's email does not refer to either of those statutes or even suggest criminal actions.[60] Peter Hoffman also contends that Judge Feldman's

---

[55] *Id.* at p. 4.

[56] *Id.* at p. 5.

[57] *Id.* at pp. 5–6.

[58] *Id.* at p. 6.

[59] *Id.* at p. 7.

[60] *Id.*

10

rulings on the applicability of the wire and mail fraud statutes to his criminal case are contrary to Fifth Circuit and United States Supreme Court precedent.[61]

Peter Hoffman also asserts that Bailey's claim for a conditional privilege turns on questions of fact.[62] He states that Bailey has offered no allegations that his statements to SHPO would qualify as a statement made to a law enforcement officer.[63] Peter Hoffman also contends that abuse of the conditional privilege arises if the statement was "not made with reasonable grounds for believing the statements to be true" and this issue is a question of fact.[64] Peter Hoffman contends that Bailey had no reasonable grounds for believing the statements to be true because he had never seen the Part III application to SHPO, the compilation of expenses, or the 807 Esplanade Property itself.[65] Peter Hoffman asserts that the issues regarding the falsity of Bailey's statements and the application or abuse of any conditional "public interest" privilege are issues that should be determined on a motion for summary judgment.[66]

Peter Hoffman has also filed "Plaintiffs' Request for Judicial Notice In Support of Opposition to Motion to Dismiss (FREvid 201(b))" in which he requests that the Court take judicial notice of the December 9, 2015 order in his criminal case (Docket Number 561), Part III applications and certifications given by SHPO with respect to the 807 Esplanade Property, the

---

[61] *Id.* at pp. 7–8.

[62] *Id.* at p. 10.

[63] *Id.* at pp. 10–11.

[64] *Id.* at p. 11 (citing *Kennedy v. Sheriff of E. Baton Rouge*, No. 2005-C-1418 (La. 7/10/06); 935 So. 2d 669, 683–84).

[65] *Id.*

[66] *Id.*

Second Superseding Indictment in his criminal case, the Louisiana Revised Statute § 47:6007, and the jury charge in his criminal case.[67]

## C.      *Bailey's Arguments in Further Support of Dismissal*

First, Bailey asserts that Susan Hoffman has not submitted any opposition to his motion and therefore has waived any objection to and implicitly conceded Bailey's motion to dismiss.[68] Next, Bailey reasserts his request for judicial notice of the Second Superseding Indictment against Peter Hoffman and Peter Hoffman's convictions, and asserts that Peter Hoffman's opposition ignores the *Heck* doctrine, which, Bailey asserts, bars a convict from asserting a defamation claim that would necessarily imply invalidity of the criminal conviction.[69] Bailey asserts that Peter Hoffman, in his opposition, improperly attempts to reargue his convictions.[70]

In response to Peter Hoffman's argument that a Rule 12(b)(6) motion is improper, Bailey asserts that courts applying Louisiana defamation law have repeatedly dismissed defamation claims for failure to state a claim and the Court invited Bailey, in its December 23, 2015 Order, to file the instant motion.[71] Bailey asserts that his November 2012 email, which is attached to the complaint, is the sole basis of Hoffman's defamation claim and shows that it was addressed to a Louisiana government employee and states, "Who should I write to with the evidence I personally have that indicates that all the applications made by the Hoffmans are fraudulent, that the amounts claimed

---

[67]  Rec. Doc. 81-1.

[68]  Rec. Doc. 85 at p. 5.

[69]  *Id.* at pp. 6–7  (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)).

[70]  *Id.* at p. 7.

[71]  *Id.* at pp. 7–8.

were probably not spent . . ."[72] Bailey asserts that his email refers to "fraudulent applications" generally, without limitation or restriction to any particular kind or class of application.[73] Bailey contends that a statement is not defamatory if it is "true or substantially true," and Peter Hoffman was convicted of fraud felonies with respect to three tax credit applications for the 807 Esplanade Property.[74] Therefore, Bailey contends, his email statement that "all the applications made by the Hoffmans are fraudulent" is a "true" statement.[75]

In support, Bailey cites to Judge Feldman's Conviction Decision, where, Bailey asserts, Judge Feldman recites the fraud felonies for which the Hoffmans were convicted, including falsely claiming a $10 million loan although there was no such loan and falsely claiming equipment purchases although that equipment was not purchased.[76] Thus, Bailey argues, his email statement that "amounts claimed were not spent" is not false but was in fact vindicated by Peter Hoffman's convictions.[77] Furthermore, Bailey contends that the Conviction Decision, which describes felony convictions for fraudulent applications "with respect to purported fund transfers to Hoffman affiliates (such as transfers to Hoffman affiliates New Moon and Leeway Properties) for interest charges on a $10 million loan never made, services never provided, and rentals charged far exceeding a fair market rental," confirms the truth of the portion of Bailey's email that stated that

---

[72] *Id.* at p. 8 (citing Rec. Doc. 1-3 at p. 30).

[73] *Id.*

[74] *Id.* at p. 9 (citing *Romero v. Thomson Newspapers (Wisconsin), Inc.*, No. 94-1105 (La. 1/17/95); 648 So. 2d 866, 870).

[75] *Id.*

[76] *Id.*

[77] *Id.*

funds purportedly "used to renovate the property . . . were improperly transferred to a related party."[78] Bailey asserts that because the felony convictions confirm that Bailey statements were not false, Peter Hoffman cannot sustain the requisite "falsity" element of a defamation claim.[79]

Turning to the second element of a defamation claim, Bailey asserts that Peter Hoffman cannot overcome Bailey's "qualified privilege" for reporting the fraudulent tax credit applications.[80] Bailey contends that in *Metoyer v. American Eagle Airlines, Inc.*, a case from the Western District of Louisiana, the court dismissed the plaintiff's defamation claim for statements made in a report to governmental authorities for a crime in which the plaintiff was arrested and ultimately convicted.[81] Bailey asserts that Peter Hoffman's argument that Bailey is not entitled to a qualified privilege for reporting the fraud to Louisiana governmental authorities because he did not know all of the details is without merit because he knew enough to know the "gist" of the fraud and, he asserts, reporting fraud would be significantly handicapped if a privilege was denied on the grounds that the individual did not know all of the details.[82] Furthermore, Bailey contends, he explicitly asked in his email to whom he should supply evidence of the Hoffmans' fraudulent applications.[83] Bailey asserts that the qualified privilege must apply broadly to efforts to locate a governmental authority who deals with the crime being reported.[84] Bailey asserts that the qualified privilege is not

---

[78] *Id.* at p. 10.

[79] *Id.* (citing *Fitzgerald v. Tucker*, No. 98-C-2313 (La. 6/29/99); 737 So. 2d 706, 716–20).

[80] *Id.*

[81] *Id.* at p. 11 (citing 806 F. Supp. 2d 911 (W.D. La. 2011)).

[82] *Id.*

[83] *Id.*

[84] *Id.* at p. 12.

limited to reports of crime to police or law enforcement officials but also applies to reports to others of financial misconduct.[85] Bailey contends that in *Roux v. Pflueger, III*, the Louisiana Fourth Circuit Court of Appeal affirmed the dismissal of a defamation claim because the conditional privilege applied to a report to a church official of discrepancies in church financial records and missing church property.[86]

As for the third element, the fault of the publisher, Bailey argues that because the Hoffmans' felony convictions confirm that Bailey's statements were true, the Hoffmans are unable to establish this element.[87] Finally, Bailey asserts that Peter Hoffman does not address the fourth element of a defamation claim, resulting injury, in his opposition, and he cannot show injury resulting from the email notice.[88] Therefore, Bailey contends, Peter Hoffman cannot establish the fourth element of a defamation claim and the complaint should be dismissed with prejudice.[89]

### III. Law and Analysis

#### A.   *Legal Standard on a Motion to Dismiss*

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[90] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[91] "To survive a motion to dismiss, a

---

[85] *Id.* (citing *Roux v. Pflueger, III*, No. 2009-CA-0009 (La. App. 4 Cir. 7/8/09); 16 So. 3d 590, 595–96).

[86] *Id.* at p. 13 (citing *Roux*, 16 So. 3d at 595–96).

[87] *Id.* (citing *Kennedy v. Sheriff of E. Baton Rouge*, No. 2005-C-1418 (La. 7/10/06); 935 So. 2d 669, 674).

[88] *Id.* (citing *Kennedy,* 935 So. 3d at 674).

[89] *Id.* at p. 14.

[90] Fed. R. Civ. P. 12(b)(6).

[91] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[92] "Factual allegations must be enough to raise a right to relief above the speculative level."[93] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[94]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[95] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[96] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[97] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[98] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[99] That is, the complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."[100] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted

---

[92] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[93] *Twombly*, 550 U.S. at 556.

[94] *Id.* at 570.

[95] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[96] *Iqbal*, 556 U.S. at 677–78.

[97] *Id.* at 679.

[98] *Id.* at 678.

[99] *Id.*

[100] *Id.*

claims.[101] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[102]

"Normally, in deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint. However, courts may also consider matters of which they may take judicial notice."[103]

**B.      *Legal Standard on a Louisiana Defamation Claim***

The elements of defamation under Louisiana law are: "(1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury."[104] In Louisiana, a statement is defamatory if it "tends to harm the reputation of another so as to lower the person in the estimation of the community, deter others from associating or dealing with the person, or otherwise expose the person to contempt or ridicule."[105] "Words which expressly or implicitly accuse another of criminal conduct, or which by their very nature tend to injure one's personal or professional reputation, without considering extrinsic facts or circumstances, are considered defamatory per se. When a

---

[101] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[102] *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, C.J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *Carbe v. Lappin*, 492 F.3d 325, 328 n. 9 (5th Cir. 2007).

[103] *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996) (citing Fed. R. Evid. 201(f)).

[104] *Kennedy v. Sheriff of E. Baton Rouge*, No. 2005-C-1418 (La. 7/10/06); 935 So. 2d 669, 674.

[105] *Id.*

plaintiff proves publication of words that are defamatory per se, falsity and malice (or fault) are presumed, but may be rebutted by the defendant. Injury may also be presumed."[106]

### C.    *Requests for Judicial Notice*

As an initial matter, the Court notes that both Bailey and Peter Hoffman have made several requests for the Court to take judicial notice of certain documents. Bailey asks the Court to take judicial notice of several filings in the criminal actions against the Hoffmans: Peter Hoffman's suspension from the practice of law in California, documents relating to insolvency proceedings of Seven Arts Pictures Plc, and prior court orders in other cases finding that Peter Hoffman has engaged in misconduct.[107] Peter Hoffman asks the Court to take judicial notice of the December 9, 2015 order in his criminal case (Docket Number 561), Part III applications and certifications given by SHPO with respect to the 807 Esplanade Property, the Second Superseding Indictment in his criminal case, Louisiana Revised Statute § 47:6007, and the jury charge in his criminal case.[108] As noted above, in deciding Federal Rule of Civil Procedure 12(b)(6) motions to dismiss, courts may consider matters of which they may take judicial notice.[109]

Pursuant to Federal Rule of Evidence 201, the Court may judicially notice a fact that is not subject to reasonable dispute either on its own, or if a party requests it and the court is supplied with the necessary information.[110] First, the Court finds that many of the documents the parties request the Court to take judicial notice of are irrelevant to these proceedings and therefore will not be

---

[106]    *Id.* at 675 (citations omitted).

[107]    Rec. Doc. 80-3.

[108]    Rec. Doc. 81-1.

[109]    *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996) (citing Fed. R. Evid. 201(f)).

[110]    Fed. R. Evid. 201(b)-(c).

considered.[111] The Court finds that the suspension of Peter Hoffman from the practice of law, the

documents relating to the insolvency of proceedings of PLC, the Louisiana film tax credit statute,

the jury charge, the Part III applications and certifications given by SHPO, the prior adjudications

of Peter Hoffman for misconduct, as well as much of Judge Feldman's December 9, 2015 Order in

the criminal action are irrelevant to this motion.

Moreover, it is unclear if the parties are requesting that the Court take judicial notice of the

fact that these documents exist, or if the parties are requesting that the Court take judicial notice of

the documents in their entirety and the allegations made therein. Bailey, however, appears to be

asking the Court to take judicial notice of these documents as proof of the truth of the facts stated

therein. The Fifth Circuit has explained that although courts may take judicial notice of documents

filed in other courts to establish the fact of such litigation and related filings, courts generally cannot

take notice of facts asserted in those pleadings or orders as they "are usually disputed and almost

always disputable."[112] Therefore, the Court will only address requests to take judicial notice where

the parties have asked the Court to take judicial notice of a specific fact and the alleged fact is

relevant to the instant motion.

### D.    *Motion to Dismiss*

Under Louisiana law, "defamatory words have traditionally been divided into two categories:

those that are defamatory per se and those that are susceptible of a defamatory meaning."[113] Here,

---

[111] *See* 21B Charles Alan Wright & Arthur Miller, *Federal Practice & Procedure* § 5104 (2d ed.) ("[C]ourts would be foolish to take judicial notice of an irrelevant fact.").

[112] *Ferguson v. Extraco Mortg. Co.*, 264 F. App'x 351, 352 (5th Cir. 2007).

[113] *Kennedy v. Sheriff of E. Baton Rouge*, No. 2005-C-1418 (La. 7/10/06); 935 So. 2d 669, 674–75.

the Hoffmans allege that Bailey's November 2012 email to the SHPO constitutes defamation per se.[114] In the email, Bailey asserts that Peter and Susan Hoffman are the architects "of a major economic fraud."[115] Bailey asks, in the email, "Who should I write to with the evidence I personally have that indicates that all the applications made by the Hoffmans are fraudulent, that the amounts claimed were probably not spent, and that some or all of the funds used to renovate the property were improperly diverted from SAP Plc by way of a transfer to a related party within 2 years of a SAP Plc becoming insolvent?"[116] Such an accusation is considered defamatory per se as the words, in accusing the Hoffmans of committing a fraud, by their very nature implicate criminal conduct and tend to injure a person's personal or professional reputation.[117] Therefore, under Louisiana's defamation rules, the elements of falsity and malice (or fault) are presumed, shifting the burden of proof to defendant to rebut the adverse presumption.[118] Bailey does not address this shifting of the burden, but rather argues that the Hoffmans cannot establish any of the four elements of a defamation claim.[119] The Court will address each of the elements in turn.

---

[114] Rec. Doc. 1 at p. 6.

[115] Rec. Doc. 1-3 at p. 30.

[116] *Id.*

[117] *Kennedy*, 935 So. 2d at 675. *See Thompson v. Bank One of La.*, No. 2013-CA-1058 (La. App. 4 Cir. 2/26/14); 134 So. 3d 653, 662 (finding that statements accusing the plaintiff of "embezzlement of Church funds," of being a "thief" and a "liar," and that the plaintiff's actions constituted fraud were defamatory per se as they accused the plaintiff of criminal conduct and tended to injure his professional reputation as a pastor).

[118] *Id.*

[119] Rec. Doc. 80-1 at p. 21.

### 1.    Falsity

Bailey argues that the Hoffmans cannot establish the required element of "falsity" in light of their criminal convictions for wire fraud, mail fraud, and conspiracy with respect to tax credit applications regarding the 807 Esplanade Property.[120] However, because the Hoffmans have alleged defamation per se, falsity is presumed and the burden shifts to Bailey to rebut this presumption.[121]

In support of his assertion that his November 2012 email was true, Bailey asks that the Court take judicial notice of the December 9, 2015 ruling of Judge Feldman, denying Peter Hoffman's motion for acquittal as to his 16 felony counts and denying Susan Hoffman's motion for acquittal as to her 3 felony counts.[122] Peter Hoffman objects to the Court taking judicial notice of these documents on the grounds that Bailey has not complied with the requirements of Federal Rule of Evidence 201(b) and arguing that judicial notice of records of another judicial proceeding may not be used to prove the truth of facts asserted therein.[123] The Fifth Circuit has stated that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."[124] Peter Hoffman does not explain how Bailey has failed to comply with Rule 201(b), which describes the kinds of facts that

---

[120] *Id.* at p. 23.

[121] *Kennedy*, 935 So. 2d at 675.

[122] Rec. Doc. 80-3.

[123] Rec. Doc. 81 at p. 2 (citing *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994); *United States v. City of New Orleans*, 947 F. Supp. 2d 601, 617 n.103 (E.D. La. 2013)).

[124] *Funk v. Stryker Corp*,  631 F.3d 777, 783 (5th Cir. 2011) (citing Fed. R. Evid. 201(b)).

may be judicially noticed. Therefore, it is unclear to the Court as to what Peter Hoffman's objection is to judicial notice on these grounds.

Hoffman also argues that the Court may not use records of other judicial proceedings to prove the truth of facts asserted therein.[125] Bailey requests that the Court take judicial notice of records in the criminal proceedings of Susan and Peter Hoffman, in particular Judge Feldman's Order regarding Peter and Susan Hoffman's post-trial motions for a new trial and for judgment of acquittal, in support of his assertion that the statements Bailey made in the November 2012 email were true.[126] The Fifth Circuit has explained that although courts may take judicial notice of documents filed in other courts to establish the fact of such litigation and related filings, courts generally cannot take notice of facts asserted in those pleadings or orders as they "are usually disputed and almost always disputable."[127] Therefore, the Court may take judicial notice of the fact that Peter Hoffman and Susan Hoffman were convicted of mail fraud, wire fraud, and conspiracy to commit mail or wire fraud, as those facts are indisputable; however, it may not take judicial notice of the majority of the facts at issue in those proceedings as proof of the truth of Bailey's statements.[128] Therefore, Bailey has not met his burden of rebutting the presumption of falsity.

---

[125] Rec. Doc. 81 at p. 2.

[126] Rec. Doc. 80-3.

[127] *Ferguson v. Extraco Mortg. Co.*, 264 F. App'x 351, 352 (5th Cir. 2007).

[128] *See* 21B Charles Alan Wright & Arthur Miller, *Federal Practice & Procedure* § 5106.4 (2d ed.) ("[I]f another court were to notice the court record of the judge's utterance ['I find the defendant guilty'] to show that the defendant was guilty, this would be improper because the defendant's guilt is not 'indisputable.' But the record of the judge's utterance would be a source of 'reasonably indisputable accuracy' if the court wished to notice, not defendant's guilt, but his conviction.").

Bailey also asserts that the "favorable termination rule" from the Supreme Court case *Heck v. Humphrey* bars the Hoffmans' defamation claims.[129] In *Heck*, the Supreme Court held when a plaintiff seeks damages on a 42 U.S.C. § 1983 claim, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence and, if it would, the complaint must be dismissed.[130] Peter Hoffman does not specifically respond to this argument, but he contends that the criminal allegations against him were solely focused upon three applications related to Louisiana film infrastructure tax credits and did not have anything to do with applications for state historic rehabilitation credits.[131] In the Eastern District of Louisiana case cited by Bailey, *Mitchell v. Jefferson Parish Correctional Center*, the court held that the plaintiff's 42 U.S.C. § 1983 claims were barred by *Heck*.[132] Bailey has not presented any authority for the extension of this doctrine to claims outside of § 1983, nor has the Court found any. Accordingly, the Court is not persuaded that the Hoffmans' claims are barred by *Heck*.

---

[129] Rec. Doc. 80-1 at p. 22.

[130] 512 U.S. at 486. The Supreme Court also held that there was an exception to this rule if the conviction or sentence had been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486–87.

[131] Rec. Doc. 81 at p. 4. Peter Hoffman asks the Court to take judicial notice of the Second Superseding Indictment in his criminal case for the fact that the allegations are directed solely at applications for film infrastructure credits and contain no allegations regarding historic tax credits. Rec. Doc. 81 at p. 4. The Court, having reviewed the Second Superseding Indictment, finds that it has the necessary information to take judicial notice of the fact that there are no allegations directed towards any historic tax credits in the Second Superseding Indictment.

[132] No. 13-4963, 2013 WL 6002770, at *3–4 (E.D. La. Nov. 12, 2013) (Africk, J.).

23

2.        **Unprivileged Publication**

Bailey also argues that his email notice to the State of Louisiana was conditionally privileged and therefore the Hoffmans are unable to establish the second element of a defamation claim.[133] Under Louisiana law, privilege is a defense to a defamation action.[134] Peter Hoffman asserts that this issue should be determined on a motion for summary judgment.[135] "Although dismissal under Rule 12(b)(6) is ordinarily determined by whether the facts alleged in the complaint, if true, give rise to a cause of action, a claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings."[136] In their complaint, the Hoffmans allege that Bailey sent an email to the SHPO stating that the Hoffmans were the architects "of a major economic fraud" and that their applications were fraudulent.[137] As Bailey asserts that, in his email, he was reporting the crimes of wire and mail fraud to governmental authorities and therefore his statements are protected by a "qualified privilege," the Court will evaluate whether this is a valid defense that appears clearly on the face of the pleadings.[138]

In *Kennedy v. Sheriff of East Baton Rouge*, the Louisiana Supreme Court stated that although it is impossible to reduce the scope of a conditional privilege to any precise formula, the elements of a conditional privilege have been described as "good faith, an interest to be upheld and a

---

[133] Rec. Doc. 80-1 at p. 25.

[134] *Kennedy*, 935 So. 2d at 681.

[135] Rec. Doc. 81 at pp. 3, 11.

[136] *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986).

[137] Rec. Doc. 1 at p. 4.

[138] Rec. Doc. 80-1 at p. 25.

statement limited in scope to this purpose, a proper occasion, and publication in the proper manner and to proper parties only."[139] The Louisiana Supreme Court has instructed that the privilege "arises from the social necessity of permitting full and unrestricted communication concerning a matter in which the parties have an interest or duty, without inhibiting free communication in such instances by the fear that the communicating party will be held liable in damages if the good faith communication later turns out to be inaccurate."[140] Whether a conditional privilege exists involves a two-step process: (1) "it must be determined whether the attending circumstances of a communication occasion a qualified privilege;" and (2) "a determination of whether the privilege was abused, which requires that the grounds for abuse-malice or lack of good faith-be examined."[141] "While the first step is generally determined by the court as a matter of law, the second step of determining abuse of a conditional privilege or malice is generally a fact question for the jury '[u]nless only one conclusion can be drawn from the evidence.'"[142]

In this case, Bailey asserts that the reporting to governmental authorities of a crime, such as the wire and mail fraud felonies committed by the Hoffmans, is protected by a qualified privilege.[143] In their complaint, however, the Hoffmans allege that the statements made in the email were untrue and were made "maliciously without any basis in fact and with an intent to damage plaintiffs' reputations, successes, and goodwill, to embarrass plaintiffs and to damage plaintiffs' business

---

[139] 935 So. 2d at 681 (quoting *Madison v. Bolton*, 102 So. 2d 433, 439 n.7 (La. 1958)).

[140] *Id.* at 681–82 (quoting *Toomer v. Breaux*, 146 So. 2d 723, 725 (La. 3 Cir. 11/5/1962)).

[141] *Id.* at 682 (citing *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La. 7/5/94); 639 So. 2d 730, 745).

[142] *Id.* (quoting *Smith*, 639 So. 2d at 745).

[143] Rec. Doc. 80-1 at p. 25.

relationships."[144] The Hoffmans allege that the Compilation Report was prepared in 2012, long after Bailey had ceased to be an employee of PLC and Bailey had never seen or received the Compilation Report, the Audit Report, or any of the accounting "back up" on which both are based.[145] Furthermore, they allege that Bailey had "no knowledge whatsoever of the items claimed as qualified historic preservation expenses in the Compilation Report in 2012 and had no responsibility for any of these expenses at any time, including the four months in 2009 during which he was engaged by PLC."[146] As abuse of the privilege is generally a fact question for the jury and thus cannot be determined from the face of the pleadings, the Court does not find that Bailey's asserted defense precludes the Hoffmans' defamation claims.[147]

### 3.   Fault on the Part of the Publisher

Bailey also argues that the Hoffmans cannot establish the third element of their defamation claim, any fault of Bailey, because, he asserts, the felony convictions confirm that Bailey did not act with negligence or other fault.[148] In opposition, Peter Hoffman asserts that as Bailey's statements are defamatory per se, fault is presumed.[149] Peter Hoffman also asserts that Bailey "had no reasonable grounds for believing his statements to be true."[150] Because Bailey's statements are

---

[144]  Rec. Doc. 1 at p. 5.

[145]  *Id.*

[146]  *Id.*

[147]  *Kennedy*, 935 So. 2d at 682 (quoting *Smith*, 639 So. 2d at 745).

[148]  Rec. Doc. 80-1 at p. 27.

[149]  Rec. Doc. 81 at p. 3.

[150]  *Id.* at p. 11.

defamatory per se, under Louisiana's defamation rules, the element of fault is presumed, shifting the burden of proof to Bailey to rebut the adverse presumption.[151] Bailey does not acknowledge this shifting burden, but rather asserts that the Hoffmans' convictions demonstrate that they are unable to establish the third element of a defamation claim against him by showing that he acted with "fault."[152] Again, Bailey's assertion relies upon the Court taking judicial notice of the criminal case proceedings as proof that Bailey's allegations are true. As discussed above, courts may take judicial notice of "'a document filed in another court . . . to establish the fact of such litigation and related filings,' but generally cannot take notice of the findings of fact from other proceedings because those facts are usually disputed and almost always disputable."[153] Therefore, the Court finds that fault is presumed as Bailey's statements constitute defamation per se, and Bailey has not met his burden of rebutting this presumption.

### 4.    Resulting Injury

Bailey also argues that the Hoffmans cannot establish the fourth element of their defamation claim as they cannot show any injury resulting from Bailey's statements.[154] Bailey asserts that the Hoffmans' injuries resulted from their participation in false and misleading tax credit applications for which they have been convicted of multiple felonies, not from his notice of their misconduct to

---

[151] *Kennedy*, 935 So. 2d at 675.

[152] Rec. Doc. 82-1 at p. 13.

[153] *Ferguson v. Extraco Mortg. Co.*, 264 F. App'x 351, 352 (5th Cir. 2007).

[154] Rec. Doc. 80-1 at p. 27.

the State of Louisiana.[155] In opposition, Peter Hoffman contends that injury is presumed as Bailey's statements are defamatory per se.[156]

The Louisiana Supreme Court in *Kennedy v. Sheriff of East Baton Rouge* stated that when a plaintiff proves publication of words that are defamatory per se, injury may be presumed.[157] In the Hoffmans' complaint, they allege that they have suffered damages of more than $3 million due to loss of income from the Louisiana historic rehabilitation credits, increased business costs, injury to business/professional reputations, personal humiliation, embarrassment, and mental anguish and suffering.[158] Although a plaintiff must show that the defamatory statements were a "substantial factor in causing the harm" the plaintiff alleges,[159] Bailey has not rebutted the presumption that the Hoffmans suffered an injury as a result of his allegedly defamatory statements. Accordingly, the Court finds that Bailey is not entitled to dismissal of the Hoffman's defamation claims against him on these grounds.

## E.    *Sanctions*

Bailey also requests that the Court sanction Peter Hoffman on the grounds that his complaint is "legally frivolous" and award Bailey legal fees.[160] Peter Hoffman does not specifically respond to Bailey's request for sanctions. As the Court is denying Bailey's motion to dismiss, the Court

---

[155]   *Id.* at p. 28.

[156]   Rec. Doc. 81 at p. 3.

[157]    935 So. 2d at 675.

[158]   Rec. Doc. 1 at p. 8.

[159]   *Thompson v. Bank One of La., NA*, 2013-1058 (La. App. 4 Cir. 2/26/14); 134 So. 3d 653, 665.

[160]   Rec. Doc. 80-1 at p. 29.

disagrees with Bailey's characterization of the complaint as "legally frivolous." Therefore, it denies Bailey's request to sanction Peter Hoffman and award Bailey legal fees.

### IV. Conclusion

Based on the foregoing,

**IT IS HEREBY ORDERED** that Bailey's "Motion Pursuant to Rule 12(b)(6) to Dismiss the Complaint 'With Prejudice' As It Cannot State a Cognizable Claim Upon Which Relief Can Be Granted Against Him"[161] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this __3rd__ day of February, 2016.

_Nannette Jolivette Brown_
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[161] Rec. Doc. 80.