UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PETER HOFFMAN, et al.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 13-5153** |
| **DAVID BAILEY** | **SECTION: "G"(5)** |

## ORDER

In this case, Plaintiffs Peter and Susan Hoffman (collectively "the Hoffmans") allege that Defendant David Bailey ("Bailey") sent an email to the Louisiana State Historic Preservation Office in which Bailey allegedly made defamatory statements against the Hoffmans by accusing them of fraudulently participating in a Louisiana tax incentive program.[1] Pending before the Court is the Hoffmans' "Motion for Award of Attorney Fees as a Sanction against Bailey's Counsel (FRCP 11)."[2] In their motion, the Hoffmans argue that Bailey's counterclaims are "objectively frivolous, not based on existing law and [have] no evidentiary support."[3] According to the Hoffmans, the counterclaims were signed by Bailey's previous counsel, Attorneys Barry Goldin and Daniel Carr.[4] The Hoffmans state that Bailey's counsel were served with a copy of this motion for sanctions, but that they failed to withdraw Bailey's counterclaims within 21 days.[5] The Hoffmans request that the Court impose monetary sanctions on Bailey's counsel for at least

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 112.

[3] Rec. Doc. 112-2 at 1.

[4] *Id.*

[5] *Id.* at 2.

1

$18,000 to deter such conduct in the future.[6] In opposition, Bailey asserts that the Hoffmans failed to comply with Rule 11(c)(2), as he did not serve Bailey's previous counsel with a copy of the motion prior to filing the motion.[7] In reply, Bailey points to a copy of a "courtesy email" to Bailey's previous counsel, which purportedly included an attachment of the Rule 11 motion[8] and stated that it was served on each of them by mail.[9]

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, an attorney must certify that, to the best of the person's knowledge, information, and belief: (1) the pleading filed is not being presented for any improper purpose; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support; and (4) the denials of factual contentions are warranted on the evidence. Under Rule 11(c), a court may impose appropriate sanctions, including attorneys' fees, on an attorney who files pleadings in violation of Rule 11.[10] A district court's decision to deny Rule 11 sanctions is reviewed for abuse of discretion, which "only occurs where no reasonable person could take the view adopted by the trial court."[11]

---

[6] *Id.* at 8–9.

[7] Rec. Doc. 119 at 1–2.

[8] The Court notes, however, that it is not clear from the email that the motion was actually attached as stated. *See* Rec. Doc. 124 at 8.

[9] *See id.* at 6, 8; Rec. Doc. 124 at 6.

[10] Fed. R. Civ. Pro. 11(c); *see Mercury Air Grp., Inc. v. Mansour*, 237 F.3d 542, 548 (5th Cir. 2001); *Anderson v. Law Firm of Shorty, Dooley & Hall*, 697 F. Supp. 2d 664, 667 (E.D. La. 2010) (Vance, J.).

[11] *Bergquist v. FyBX Corp.*, 108 F. App'x 903, 904 (5th Cir. 2004); *Harang v. Schwartz*, No. 13-058, 2014 WL 294589, at *1 (E.D. La. Jan. 27, 2014) (Brown, J.).

A motion for sanctions by a party must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).[12] "The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."[13] Pursuant to Federal Rule of Civil Procedure 5(b)(2)(C), a motion may be properly served by mailing it to the person's last known address, in which case service is complete upon mailing. Under Rule 5(b)(2)(E), a motion may also be served by sending it electronically if the person consented in writing.[14]

Here, the Hoffmans argue that sanctions are warranted against Bailey's counsel because Bailey's counterclaims are "objectively frivolous, not based on existing law and [have] no evidentiary support."[15] However, the Court does not find that sanctions are warranted. The Hoffmans have not shown that Bailey's counsel failed "to make a reasonable inquiry into the facts and law of a case at the time which [they] affixe[d] [their] signature[s] on any papers to the court" or that Bailey's counterclaims otherwise violated Rule 11. The Court notes that, while the Court granted the Hoffmans' motion to dismiss Bailey's counterclaims for failure to state a claim upon which relief can be granted, it did not find that Baileys' counterclaims were so frivolous as to warrant sanctions.[16] Rather, the Court found that Bailey failed to sufficiently allege each element necessary to support a claim under 18 U.S.C. § 1514A or a malicious prosecution claim under

---

[12] Fed. R. Civ. Pro. 11(c)(2).

[13] *Id.*

[14] Fed. R. Civ. Pro. 5(b)(2)(E).

[15] Rec. Doc. 112-2 at 1.

[16] Rec. Doc. 182. *See, e.g.*, *Macmillan, Inc. v. Am. Exp. Co.*, 125 F.R.D. 71, 79 (S.D.N.Y. 1989) ("Rule 11 requires conduct more egregious than failure to comply with technical pleading requirements.").

3

Louisiana state law.[17] Thus, the Court concludes that Bailey's counterclaims did not amount to a violation of Rule 11,[18] and thus the Hoffmans' motion for sanctions against Bailey's counsel is denied.

Moreover, the Court finds that the Hoffmans failed to demonstrate that they complied with the notice requirements of Rule 11(c)(2), which requires that the motion be served on the opposing party pursuant to Rule 5 at least 21 days before being presented to the Court. Here, Bailey and his current counsel assert that the Hoffmans failed to serve Bailey's previous counsel with the motion in compliance with the notice requirements of Rule 11.[19] In response, the Hoffmans only provide the Court with a "courtesy email" to Bailey's previous counsel, which purportedly included an attachment of the Rule 11 motion[20] and stated that it was served on each of them by mail.[21]

However, the Hoffmans have not shown that Bailey or his previous counsel consented in writing to be served through electronic means as required by Rule 5(b)(2)(E) or that such informal notice would satisfy the service requirements of Rule 11.[22] Moreover, while the Hoffmans contend that the motion was mailed to Bailey's previous counsel, they have offered no proof that the motion

---

[17] Rec. Doc. 182.

[18] *See Smith v. Our Lady of the Lake Hosp., Inc.*, 960 F.2d 439, 444 (5th Cir. 1992) ("In determining the reasonableness of a legal inquiry, a court may consider the time available to the attorney; the plausibility of the legal view contained in the document; the *pro se* status of a litigant; and the complexity of the legal and factual issues raised."); *see also CJC Holdings, Inc. v. Wright & Lato, Inc.*, 989 F.2d 791, 794 (5th Cir. 1993) (holding that "misapplication of Rule 11 can chill counsel's 'enthusiasm and stifle the creativity of litigants in pursuing novel factual or legal theories,' contrary to the intent of its framers.") (citations omitted).

[19] Rec. Doc. 119.

[20] The Court notes, however, that it is not clear from the email that the motion was actually attached as stated. *See* Rec. Doc. 124 at 8.

[21] *See id.* at 6, 8.

[22] *See In re Pratt*, 524 F.3d 580, 588 (5th Cir. 2008) (concluding that informal service is not sufficient to satisfy the service requirement of Rule 11, as "strict compliance with Rule 11 is mandatory"); *see also Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) (noting that it would "wrench both the language and purpose of the amendment to the Rule [11] to permit an informal warning to substitute for service of a motion").

was mailed to each of their last known addresses.[23] The Notice of Submission attached to the motion merely states that the Hoffmans served the motion on Bailey's counsel on September 21, 2016 "as required by FRCP 11(c)(2)," but does not state that it was mailed to each of their last known addresses as required by Rule 5.[24] Moreover, the Hoffmans attached a twenty-two page "Declaration of Peter Hoffman" to the motion for sanctions, but nowhere in the Declaration does it appear that Peter Hoffman affirms that the motion was ever mailed in compliance with Rule 5 or Rule 11.[25] As such, the Court cannot find that the Hoffmans complied with the notice requirements of Rule 11(c) or the service requirements of Rule 5.[26] Furthermore, the Court notes that, on September 29, 2016, prior to the filing of the Hoffmans' motion for sanctions on October 18, 2016, the Court granted Bailey's motion to substitute Attorneys Daniel Carr and Barry Goldin as counsel of record for Attorney Victor Farrugia.[27] Thus, the Hoffmans have not shown that either of Bailey's former counsel had notice that a motion for sanctions was filed against them in this

---

[23] *See, e.g.*, *Daniels v. JP Morgan Chase Bank*, 574 F. App'x 337, 338 (5th Cir. 2014) (per curiam) (noting that the district court found there was sufficient evidence of service in compliance with Rule 5(b)(2)(C) when the party presented evidence of service, including a declaration under penalty of perjury stating that they mailed copies of their motion to the opposing party's last known address by both certified and regular first-class mail, and a photocopy of a payment receive for the certified mail); *LaBlanche v. Ahmad*, 538 F. App'x 463, 465 (5th Cir. 2013) (per curiam) (determining that the defendants had provided sufficient proof that they properly mailed their motions to the plaintiff to the address that she provided); *Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1328 (2d Cir. 1995) (noting that there was "no evidence in the record indicating that YRC served Hadges with the request for sanctions 21 days before presenting it to the court").

[24] *See* Rec. Doc. 112-1 at 1–2.

[25] *See* Rec. Doc. 112-3.

[26] *See, e.g.*, *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995) (noting that the "plain language of [Rule 11] indicates that this notice and opportunity prior to filing is mandatory," and concluding that failure to comply with the procedural prerequisites to filing a motion for sanctions precludes a court from granting the motion); *Holgate v. Baldwin*, 425 F.3d 671, 678 (9th Cir. 2005) (determining that sanctions should not be awarded, even if an underlying filing is frivolous, when the challenging party fails to comply with Rule 11's safe harbor provisions).

[27] Rec. Doc. 105.

matter such that they could withdraw or otherwise correct the counterclaims or oppose the motion directly.[28]

Finally, the Court notes that, in his opposition memorandum, Bailey requests that he be awarded attorneys' fees and costs for opposing this motion pursuant to Rule 11(c)(2).[29] Under Rule 11(c)(2) of the Federal Rules of Civil procedure, "[i]f warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." However, Bailey has failed to support his contention that reasonable expenses are warranted simply because the Court has denied the Hoffmans' motion, and Bailey has not offered any other justification for why he should be awarded attorneys' fees.[30] Accordingly, the Court finds that awarding Bailey the reasonable expenses incurred for the motion is not warranted here, and therefore the Court denies Bailey's request for attorneys' fees and costs.

Accordingly,

**IT IS HEREBY ORDERED** that the Hoffmans' "Motion to for Award of Attorney Fees as a Sanction against Bailey's Counsel (FRCP 11)"[31] is **DENIED**.

---

[28] *See, e.g.*, *In re Pennie & Edmonds LLP*, 323 F.3d 86, 89 (2d Cir. 2003) (noting that "motions have been disallowed as untimely when filed after a point in the litigation when the lawyer sought to be sanctioned lacked an opportunity to correct or withdraw the challenged submission"); *see also In re Walker*, 532 F.3d 1304, 1309 (11th Cir. 2008) (determining that a motion for sanctions must be served and filed prior to final judgment or a judicial rejection of the offending motion to provide an opportunity for the offending party to withdraw the challenged contention); *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) (determining that the purpose of the safe harbor provision is to give the offending party the opportunity to withdraw the offending pleadings and escape sanctions, and that a motion served after a complaint had been dismissed did not give counsel that opportunity).

[29] Rec. Doc. 119 at 2.

[30] *See, e.g.*, *Vanliner Ins. Co. v. DerMargosian*, No. 12-5074, 2014 WL 1632181, at *2 (N.D. Tex. Apr. 24, 2014) (awarding reasonable expenses to party opposing motion for sanctions when the party requesting sanctions had lacked any good-faith arguments for its motion); *Cappa Fund III, L.L.C. v. Actherm Holding, a.s.*, No. 10-897, 2011 WL 817384, at *6 (N.D. Tex. Feb. 21, 2011), *report and recommendation adopted sub nom. Cappa Fund III, LLC v. Actherm Holding, a.s.*, No. 10-897, 2011 WL 816861 (N.D. Tex. Mar. 9, 2011) (determining that the party defending against the motion for sanctions was not entitled to reasonable expenses under Rule 11).

[31] Rec. Doc. 112.

**IT IS FURTHER ORDERED** that Bailey's request for attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 11(c)(2) is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this  26th  day of April, 2017.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**