# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PETER HOFFMAN, et al.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 13-5153** |
| **DAVID BAILEY** | **SECTION: "G"(5)** |

## ORDER

In this case, Plaintiffs Peter and Susan Hoffman (collectively "the Hoffmans") allege that Defendant David Bailey ("Bailey") sent an email to the Louisiana State Historic Preservation Office in which Bailey allegedly made defamatory statements against the Hoffmans by accusing them of fraudulently participating in a Louisiana tax incentive program.[1] Pending before the Court are the Hoffmans' "Motion to Dismiss Defendant David Bailey's Counterclaim [FRCP 12(b)(6)]"[2] and the Hoffmans' "Special Motion to Strike Defendant David Bailey's Counterclaim and Seventh Affirmative Defense (LaCCP ART. 971)."[3] Having considered the motions, the memoranda in support, the memoranda in opposition, the record, and the applicable law, the Court will grant the Hoffmans' motion to dismiss[4] and deny as moot the Hoffmans' special motion to strike.[5]

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 107.

[3] Rec. Doc. 110.

[4] Rec. Doc. 107.

[5] Rec. Doc. 110.

**I. Background**

*A. Factual Background*

In their complaint, the Hoffmans state that Susan Hoffman is owner of Seven Arts Pictures Louisiana, LLC ("SAPLA"), which owns real property located at 807 Esplanade Avenue in New Orleans, Louisiana ("the Property").[6] The Hoffmans aver that SAPLA engaged in substantial rehabilitation of the Property in order to restore its historic character and to convert the Property in order to be used as a motion picture post-production facility.[7] The Hoffmans contend that SAPLA obtained a letter from the Louisiana Department of Economic Development certifying that the Property was eligible for Louisiana film infrastructure tax credits and received certification from the United States Department of the Interior that the Property qualified for United States historical rehabilitation tax credits.[8] The Hoffmans also allege that SAPLA has requested, but has not yet received, certification from the Louisiana State Historic Preservation Office ("SHPO") that the Property qualifies for Louisiana historic rehabilitation tax credits.[9]

According to the Hoffmans, Seven Arts Pictures Plc, an English public limited company led by Peter Hoffman until November 9, 2011, hired Defendant David Bailey as its Finance Director in August 2009.[10] Bailey left that position in December 2009.[11] Subsequently, in November 2012, Bailey allegedly sent an e-mail to SHPO stating:

---

[6] Rec. Doc. 1 at 2.

[7] *Id.* at 3.

[8] *Id.*

[9] *Id.*

[10] *Id.* at 4.

[11] *Id.*

> Dear Jessica
>
> I was interested to read that Peter and Susan Hoffman have applied for rehabilitation tax credits on 807 Esplanade, and have included them as revenue in accounts filed with the SEC. This appears to contradict other evidence which strongly indicates that Peter Hoffman and Susan Hoffman are the architects not of a building, but of a major economic fraud. . . .
>
> Who should I write to with the evidence I personally have that indicates that all the applications made by the Hoffmans are fraudulent, that the amounts claimed were probably not spent, and that some or all of the funds used to renovate the property were improperly diverted from SAP Plc by way of a transfer to a related party within 2 years of a SAP Plc becoming insolvent?
>
> David J Bailey[12]

The Hoffmans claim that Bailey's statements in the November 2012 e-mail were "untrue and [were] made maliciously without any basis in fact and with an intent to damage plaintiffs' reputations, successes, and good will," and were intended "to embarrass plaintiffs and to damage plaintiffs' business relationships."[13] The Hoffmans contend that Bailey had never seen the relevant reports summarizing the rehabilitation expenditures and had no responsibility for those expenses during his time as PLC's Finance Director.[14] The Hoffmans argue that Bailey's conduct constitutes defamation and defamation *per se*.[15]

In response, Bailey contends that the Hoffmans' lawsuit is without merit and "part of their scheme of harassment, threats, intimidation, and retaliation" against Bailey for providing assistance to the government in its investigation of the Hoffmans.[16] According to Bailey, in August of 2009, he was employed as Finance Director of Seven Arts Pictures Plc where he had access to

---

[12] Rec. Doc. 1-3 at 30.

[13] *Id.* at 5.

[14] *Id.* at 5–6.

[15] *Id.* at 6–8.

[16] Rec. Doc. 98 at 1–2.

3

accounting records and other financial documents related to the Hoffmans' "plans and schemes" to receive tax credits on the 807 Esplanade Property.[17] Bailey asserts that he became aware of inconsistencies and misstatements in Seven Arts Pictures Plc's records and of efforts by the Hoffmans to "apply for and obtain and then resell for cash millions of dollars of tax credits with respect to the 807 Esplanade Property."[18] Bailey further alleges that a series of articles published in 2012 informed him that the Hoffmans were seeking millions of dollars in tax credits with respect to the 807 Esplanade Property to help finance "$13.5 million" in redevelopment costs, which Bailey asserts he knew was a false and inflated number.[19] Thus, Bailey alleges that he sent his November 24, 2012 email to Louisiana governmental employee Jessica Richardson that is the subject of this defamation action.[20]

### B. Procedural Background

The Hoffmans filed a complaint in this matter on July 23, 2013.[21] On July 24, 2013, the matter was assigned to Section "A" of the Eastern District of Louisiana.[22] On February 25, 2014, Judge Zainey entered an order of recusal from this matter, citing an indictment recently filed against one of the plaintiffs in the matter.[23] The case was then transferred to this Section, Section "G."[24]

---

[17] *Id.* at 22.

[18] *Id.*

[19] *Id.* at 32–33.

[20] *Id.* at 34.

[21] Rec. Doc. 1.

[22] Rec. Doc. 2.

[23] Rec. Doc. 45.

[24] *Id.*

Since this action was filed, the Hoffmans have been convicted of multiple wire fraud, mail fraud, and conspiracy felonies in connection with tax credit applications regarding the 807 Esplanade Property.[25] On September 14, 2016, Bailey filed a counterclaim against the Hoffmans to recover damages caused by the Hoffmans' allegedly "threatening, harassing, intimidating, and retaliatory litigation" against Bailey under 18 U.S.C. § 1514A and Louisiana state law.[26]

Peter Hoffman filed the instant motion to dismiss Bailey's counterclaim on October 5, 2016.[27] Bailey filed an opposition on November 1, 2016.[28] With leave of Court, Peter Hoffman filed a reply on November 7, 2016.[29] On October 13, 2016, Peter Hoffman also filed the instant motion to strike Bailey's counterclaim and seventh affirmative defense.[30] Bailey filed an opposition on November 1, 2016.[31] With leave of Court, Peter Hoffman filed a reply on November 7, 2016.[32] On November 9, 2016, Plaintiff Susan Hoffman filed a motion to join Plaintiff Peter Hoffman's pending motions,[33] which the Court subsequently granted.[34]

---

[25] Rec. Doc. 80-1 at 6; Rec. Doc. 81 at 9.

[26] Rec. Doc. 98.

[27] Rec. Doc. 107.

[28] Rec. Doc. 115.

[29] Rec. Doc. 124.

[30] Rec. Doc. 110.

[31] Rec. Doc. 117.

[32] Rec. Doc. 124.

[33] Rec. Doc. 126.

[34] Rec. Doc. 159.

## II. Parties' Arguments

### A. *The Hoffmans' Arguments in Support of the Motion to Dismiss*

In their motion, the Hoffmans argue that Bailey's counterclaim should be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[35] The Hoffmans first argue that Bailey's counterclaim appears to allege a violation of 18 U.S.C. § 1514A, a provision of the Sarbanes Oxley Act of 2012 that protects "whistleblowers."[36] The Hoffmans argue that Bailey cannot assert a claim under Section 1514A, as he has not alleged that a complaint was filed with the Secretary of Labor within 180 days of the violation as required by the statute.[37] The Hoffmans further contend that a violation of Section 1514A requires proof of an "unfavorable personnel action" caused by engaging in a "protected activity," but that Bailey "walked off the job" without notice.[38] Moreover, the Hoffmans point out that this litigation arises out of an email sent by Bailey in November of 2012, and that the litigation against Bailey was not commenced until almost four years after Bailey left his position.[39] Thus, the Hoffmans assert that there is no causal link between any protected activity while Bailey was an employee and any adverse personnel action.[40]

The Hoffmans also aver that Bailey has failed to state a claim under Louisiana Civil Code Article 2135.[41] According to the Hoffmans, when damages are caused by the filing of a lawsuit,

---

[35] Rec. Doc. 107-1 at 1.

[36] *Id.* at 3.

[37] *Id.*

[38] *Id.* at 4–5.

[39] *Id.* at 4.

[40] *Id.*

[41] *Id.* at 5.

then an action under Article 2135 must satisfy the elements of an action for malicious prosecution.[42] However, the Hoffmans argue that there has not been a "bona fide termination [of the action]" in favor of Bailey, a required element to state a claim for malicious prosecution.[43] Thus, the Hoffmans assert that Bailey's malicious prosecution counterclaim must be dismissed.[44]

B.     *Bailey's Arguments in Opposition to the Motion to Dismiss*

Bailey first argues he has asserted a valid counterclaim alleging that the Hoffmans' actions violate 18 U.S.C. § 1514A, as the Sarbanes Oxley Act protects ex-employees like Bailey from retaliatory acts.[45] Bailey avers that, while Section 1514A does normally require filing a complaint with the Secretary of Labor within 180 days after discovering the violation, "in this case the company waived its defense of failure to file a complaint with the Secretary of Labor because of the filing of this defamation action."[46] Bailey asserts that when Bailey became aware of the Hoffmans' fraudulent claims, the Hoffmans "took a preemptive strike at Bailey by suing him for defamation."[47] Bailey contends that he was required to list his affirmative defenses in his Answer, one of which includes retaliation for being a witness and providing information to government officials regarding the Hoffmans' allegedly fraudulent acts.[48] Thus, according to Bailey, he did not have sufficient time to file a complaint with the Secretary of Labor.[49] Bailey also avers that, while

---

[42] *Id.*

[43] *Id.*

[44] *Id.*

[45] Rec. Doc. 115 at 2–3.

[46] *Id.* at 2.

[47] *Id.*

[48] *Id.* at 2–3.

[49] *Id.* at 3.

7

he did "walk out" of the office at the end of the employment, "the company" had constructively discharged him from his employment when he was denied access to the office computing facilities after telling Kate Hoffman, Peter Hoffman's daughter, about the company's insolvency and the pervasive fraud in the company.[50]

Moreover, Bailey asserts that he has stated a state law claim for malicious prosecution under Louisiana Civil Code article 1315, and that all the elements for a malicious prosecution action have been satisfied.[51] For example, Bailey argues that the requirement that there be a bona fide termination of an action in favor of him will be met when he succeeds on this lawsuit based on his absolute immunity.[52] Bailey also avers that there is an absence of probable cause for this proceeding, as the Hoffmans knew that Bailey's words were truthful and that witnesses in judicial proceedings are absolutely immune from civil liability in a defamation or retaliation suit.[53] Bailey argues that he has an absolute privilege to send a claim of fraudulent tax credits and building renovations to the Louisiana State Historic Preservation Office.[54]

## C. *The Hoffmans' Arguments in Further Support of the Motion to Dismiss*

In their reply brief, the Hoffmans argue that Bailey has not shown why the limitation period of Section 1514A does not bar Bailey's counterclaim.[55] The Hoffmans assert that Bailey failed to cite to any authority to support his argument that "the company" waived this defense by filing the

---

[50] *Id.*

[51] *Id.*

[52] *Id.*

[53] *Id.* at 4.

[54] *Id.* at 4–5.

[55] Rec. Doc. 124 at 2.

defamation action.[56] Moreover, the Hoffmans contend that there is no causal relationship between Bailey walking off his job in 2009 and the filing of this defamation action in 2013.[57] The Hoffmans also point out that Bailey does not address the fact that this action has not been terminated in his favor as required to state a malicious prosecution claim under Louisiana state law.[58] According to the Hoffmans, Bailey did not allege that he had "witness immunity" in his answer, and even if he had, it has no application to this action as Bailey's allegedly defamatory remarks were not made while testifying in a civil or criminal case.[59]

### III. Law and Analysis

#### A. *Legal Standard on a Motion to Dismiss*

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[60] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[61] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[62] "Factual allegations must be enough to raise a right to relief above the

---

[56] *Id.* at 3.

[57] *Id.* at 2.

[58] *Id.*

[59] *Id.* at 3.

[60] Fed. R. Civ. P. 12(b)(6).

[61] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[62] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

9

speculative level."[63] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[64]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[65] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[66] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[67] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[68] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[69] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[70] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[71] If factual allegations are insufficient to raise a right to relief above the

---

[63] *Twombly*, 550 U.S. at 556.

[64] *Id.* at 570.

[65] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[66] *Iqbal*, 556 U.S. at 677–78.

[67] *Id.* at 679.

[68] *Id.* at 678.

[69] *Id.*

[70] *Id.*

[71] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[72]

### B. *The Hoffmans' Motion to dismiss*

In their motion to dismiss, the Hoffmans move to dismiss two counterclaims alleged by Bailey: (1) Bailey's counterclaim for a violation of 18 U.S.C. § 1514A, the provision of the Sarbanes Oxley Act of 2012 which protects "whistleblowers;" and (2) Bailey's counterclaim for malicious prosecution under Louisiana Civil Code article 1315.[73] The Court will address each claim in turn.

#### 1. 18 U.S.C. § 1514A

First, Bailey alleges that the Hoffmans' actions in this suit violated 18 U.S.C. § 1514A, as they were the officers and employees of Seven Arts Pictures Plc, which Bailey alleges is registered under section 12 of the Securities Exchange Act of 1935, and they have "threatened, harassed, retaliated and otherwise discriminated against Bailey," a former employee of Seven Arts Pictures Plc.[74] Bailey avers that the provisions of 18 U.S.C. § 1514A apply to post-termination activities against former employees.[75] According to Bailey, Peter Hoffman and his affiliates have a history of harassing, intimidating, and retaliating against witnesses who have provided evidence and testimony against him at various times.[76]

---

[72] *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, C.J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *Carbe v. Lappin*, 492 F.3d 325, 328 n. 9 (5th Cir. 2007).

[73] Rec. Doc. 107.

[74] *Id.* at 41.

[75] Rec. Doc. 98 at 40.

[76] *Id.* at 18.

11

Pursuant to 18 U.S.C. § 1514A(a), "[n]o company with a class of securities registered under section 12 of the Securities Exchange Act of 1934 . . . or any officer, employee, contractor, subcontractor, or agent of such company . . . may discharge, demote, suspend, threaten, harass, or in any other manner discriminate against an employee in the terms and conditions of employment because of any lawful act done by the employee." Such protected "lawful act[s]" include providing information or otherwise assisting in an investigation regarding any conduct which the employee reasonable believes constitutes a violation of, *inter alia*, any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders.[77] Moreover, under 18 U.S.C. § 1514A(b)(1), a person who alleges a violation of Section 1514(A)(a) must seek relief by: (1) filing a complaint with the Secretary of Labor; or (2) if the Secretary does not issue a final decision within 180 days of filing the complaint, an action may be filed in the appropriate district court of the United States.[78] Additionally, Section 1514A(b)(2)(D) provides that an action under this Section "shall be commenced not later than 180 days after the date on which the violation occurs, or after the date on which the employee became aware of the violation."[79]

Here, Bailey does not allege in his counterclaim that he filed a complaint with the Secretary of Labor regarding his claims under 18 U.S.C. § 1514A or that such a complaint was filed within 180 days after the alleged violations occurred. Instead, in his opposition memorandum, Bailey argues that the Hoffmans "took a preemptive strike at Bailey by suing him for defamation" and

---

[77] 18 U.S.C. § 1514A(a)(1).

[78] *See Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 n.4 (2d Cir. 2014) ("Under § 1514A, complainants' first course of action in seeking relief must be to file a complaint with the Secretary of Labor."); *Allen v. Admin. Review Bd.*, 514 F.3d 468, 475 (5th Cir. 2008) ("An employee must file a complaint with the Secretary no later than 90 days after the date on which the alleged violation occurred.").

[79] 18 U.S.C. § 1514A(b)(2)(D).

that, by doing so, the Hoffmans waived any requirement that Bailey first file his claim under 18 U.S.C. § 1514A with the Secretary of Labor.[80] However, Bailey fails to cite to any language in the statute or any other authority that would support such an interpretation of 18 U.S.C. § 1514A(b)(1). Rather, the statute makes clear that an alleged violation of 18 U.S.C. § 1514A must first be raised in a complaint to the Secretary of Labor, and a plaintiff may not file suit in federal district court unless the Secretary of Labor fails to issue a final decision within 180 days.[81] Indeed, as the First Circuit has recognized, "Congress explicitly delegated to the Secretary of Labor authority to enforce § 1514A by formal adjudication."[82] Thus, Bailey has failed to allege that he complied with the statutory prerequisites necessary to file an action under 18 U.S.C. § 1514A in a federal district court. Moreover, to the extent that Bailey argues the violation of 18 U.S.C. § 1514A occurred when he was "constructively discharged" from his position in 2009, Bailey failed to allege that a complaint was filed with the Secretary of Labor or that any such complaint was filed within 180 days of the alleged violation.[83] Accordingly, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court finds that Bailey has failed to state a claim upon which relief may be granted under 18 U.S.C. § 1514A. Therefore, the Court will dismiss Bailey's counterclaim under 18 U.S.C. § 1514A.[84]

---

[80] Rec. Doc. 115 at 2–3.

[81] *See, e.g.*, *Murray v. TXU Corp.*, 279 F. Supp. 2d 799, 802 (N.D. Tex. 2003) ("A federal district court lacks jurisdiction over a suit brought under § 806 of the Sarbanes–Oxley Act if (1) the plaintiff failed to file a complaint with the Secretary of Labor within ninety days of the alleged violation; (2) the Secretary issued a final decision within 180 days of the filing of a § 806 complaint; (3) the plaintiff filed suit in a federal district court less than 180 days after filing such a complaint; or (4) there is a showing that the Secretary failed to issue a final decision within 180 days due to the plaintiff's bad faith.").

[82] *Day v. Staples, Inc.*, 555 F.3d 42, 54 n.7 (1st Cir. 2009).

[83] *Id.* ("A person who believes that he has been discriminated against in violation of the whistle-blower provisions of the Sarbanes–Oxley Act must first file a complaint with the Secretary of Labor . . . within ninety days of the alleged violation.").

[84] *See Dawson Farms, LLC v. Farm Serv. Agency*, 504 F.3d 592, 607 (5th Cir. 2007); *Crisp v. Sears Roebuck & Co.*, No. 13-962, 2015 WL 12977378, at *17 (W.D. Tex. Mar. 4, 2015)(finding that, because plaintiff admitted to not filing

## 2. Malicious Prosecution

Second, Bailey appears to assert a counterclaim for malicious prosecution under Louisiana state law.[85] In their motion, the Hoffmans argue that Bailey cannot state a claim for malicious prosecution, as there has not been a "bona fide termination [of the action]" in favor of Bailey.[86] In response, Bailey contends that the requirement that there be a bona fide termination of an action in his favor will be met when he succeeds in this lawsuit on absolute immunity grounds.[87]

Under Louisiana law, malicious prosecution is the wrongful institution or continuation of a criminal or civil proceeding.[88] To prevail in a malicious prosecution action, the plaintiff must prove: (1) the commencement or continuance of an original criminal or civil proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) a bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such a proceeding; (5) the presence of malice; and (6) damage conforming to legal standards resulting to the plaintiff.[89]

Here, the Court notes that this matter is ongoing, and there has not been a termination of this case in favor of Bailey as required to assert a malicious prosecution claim under Louisiana law. As the Louisiana Supreme Court has recognized, the obvious purpose of the "bona fide

---

his claim for violation of 18 U.S.C. § 1514A within 180 of the date the violation occurred, the claim was time-barred, and thus should be dismissed), *aff'd*, 628 F. App'x 220 (5th Cir. 2015).

[85] *See* Rec. Doc. 115 at 3.

[86] Rec. Doc. 107-1 at 5.

[87] Rec. Doc. 115 at 3.

[88] *Keppard v. AFC Enterprises, Inc.*, 2000-2474 (La. App. 4 Cir. 11/28/01), 802 So. 2d 959, 965; *Shepherd v. Williams*, 2000-01506 (La. App. 3 Cir. 2/28/01), 780 So.2d 633 (quoting Frank L. Maraist & Thomas C. Galligan, Jr., Louisiana Tort Law, Section 2-6(d) at 31 (1996)).

[89] *Miller v. East Baton Rouge Parish Sheriff's Department*, 511 So.2d 446, 453 (La. 1987); *see also Keppard*, 802 So. 2d at 965; *Kelly v. West Cash & Carry Building Materials Store*, 99-0102 (La. App. 4 Cir. 10/20/99), 745 So.2d 743, 761.

termination" requirement is to ensure "that the underlying litigation is brought to a conclusion on the merits before a malicious prosecution suit based on the underlying litigation is allowed to proceed."[90] Moreover, Bailey cites to no authority to support the proposition that a malicious prosecution claim can be preemptively asserted before the alleged malicious prosecution has been terminated. By contrast, Louisiana courts routinely dismiss without prejudice malicious prosecution lawsuits that are filed prior to the termination of the proceeding at issue, as they are premature and should be filed after "a bona fide termination" of the proceeding in favor of the plaintiff.[91] Accordingly, the Court finds that, because Bailey's claim is at least premature, Bailey has failed to state a claim for malicious prosecution upon which relief can be granted pursuant to Rule 12(b)(6). Therefore, the Court dismisses Bailey's malicious prosecution counterclaim without prejudice.[92]

---

[90] *Lemoine v. Wolfe*, 2014-1546 (La. 3/17/15), 168 So. 3d 362, 368 (quoting *Savoie v. Rubin,* 01–3275, at 4 (La. 6/21/02), 820 So.2d 486, 488); *see also Cheramie v. Assocs. Disc. Corp.*, 428 F.2d 1227, 1227 (5th Cir. 1970) (per curiam) (affirming dismissal of a malicious prosecution claim as premature, as the action complained of was still pending in state courts).

[91] *See Waguespack, Seago & Carmichael (A PLC) v. Lincoln*, 1999-2016 (La. App. 1 Cir. 9/22/00), 768 So. 2d 287, 290 (sustaining a trial court's dismissal of a plaintiff's claim for malicious prosecution without prejudice, as it was "premature and not actionable until the resolution of the federal court litigation in which the allegedly harmful statements were made"); *Grant v. Politz*, 575 So. 2d 915, 918 (La. App. 2 Cir. 1991) (affirming lower court's dismissal of a malicious prosecution claim without prejudice when the prior action had not yet terminated); *Weldon v. Republic Bank*, 414 So. 2d 1361, 1366–67 (La. App. 2 Cir. 1982) (concluding that a petition fails to state a cause of action for malicious prosecution when it fails to allege the termination of the lawsuit and dismissing the suit without prejudice). *See generally Alpine Meadows, L.C. v. Winkler*, 49,490 (La. App. 2 Cir. 12/10/14), 154 So. 3d 747, 768 (affirming district court's dismissal of a malicious prosecution claim without prejudice); *Clinton v. Johnson*, No. 13-871, 2014 WL 4851086, at *2 (S.D. Miss. Sept. 29, 2014) (noting that it is "axiomatic that a claim for malicious prosecution does not accrue until the day the underlying proceeding has been terminated" and dismissing the claim without prejudice when no final judgment in the underlying proceeding had occurred).

[92] *See Miller v. Am. Int'l Grp., Inc.*, 91 F. App'x 930, 931 (5th Cir. 2004) (per curiam) (noting that a court should have dismissed a state tort law claim without prejudice); *Francois v. Par.*, No. 14-337, 2015 WL 711815, at *8 (E.D. La. Feb. 13, 2015) (Brown, J.) (dismissing a premature malpractice claim without prejudice); *see also Weldon v. Republic Bank*, 414 So. 2d 1361, 1366–67 (La. App. 2 Cir. 1982) (concluding that a petition fails to state a cause of action for malicious prosecution when it fails to allege the termination of the lawsuit and dismissing the suit without prejudice).

## C. The Hoffmans' Motion to Strike

Also pending before the Court is the Hoffmans' "Special Motion to Strike Defendant David Bailey's Counterclaim and Seventh Affirmative Defense (LaCCP ART. 971)," which seeks to strike the same counterclaims that the Hoffmans moved to dismiss pursuant to Rule 12(b)(6).[93] However, because the Court grants the Hoffmans' motion to dismiss Bailey's counterclaims pursuant to Rule 12(b)(6), the Court denies as moot the Hoffmans' special motion to strike Bailey's counterclaims.

The Court further notes that the Hoffmans appear to also request that the Court strike pursuant to Louisiana Code of Civil Procedure article 971 what Bailey styles a "seventh affirmative defense." Bailey's "seventh affirmative defense" is related to and based on the counterclaims dismissed by the Court. Specially, Bailey asserts that he "is entitled to offset, against any claim of plaintiffs, all fees, costs and other damages which Bailey has suffered and to which he is entitled compensation" under his counterclaims.[94] Thus, because Bailey's seventh affirmative defense is premised on prevailing on his counterclaims, the Hoffmans' special motion to strike the affirmative defense is also moot, as the Court dismissed the counterclaims pursuant to Rule 12(b)(6). [95]

## IV. Conclusion

Based on the foregoing,

---

[93] Rec. Doc. 110.

[94] *See* Rec. Doc. 98 at 14.

[95] Moreover, the Court further notes that, even if the counterclaims had not been dismissed, the Hoffmans' special motion to strike the seventh affirmative defense under Louisiana Code of Civil Procedure article 971 is improper, as article 971 may only be used to strike a "cause of action." However, Bailey's seventh affirmative defense is not a "cause of action," and the Hoffmans have not pointed to any authority that an affirmative defense may be stricken pursuant to Louisiana Code of Civil Procedure article 971. *See, e.g.*, *Louisiana Crisis Assistance Ctr. v. Marzano-Lesnevich*, 878 F. Supp. 2d 662, 672 (E.D. La. 2012) (Barbier, J.) (determining that that a special motion to strike applies only to causes of action and not to specific requests for relief).

16

**IT IS HEREBY ORDERED** that the Hoffmans' "Motion to Dismiss Defendant David Bailey's Counterclaim [FRCP 12(b)(6)]"[96] is **GRANTED**. Bailey's counterclaim pursuant to 18 U.S.C. § 1514A is dismissed, while Bailey's counterclaim for malicious prosecution is dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Hoffmans' "Special Motion to Strike Defendant David Bailey's Counterclaim and Seventh Affirmative Defense (LaCCP ART. 971)"[97] is **DENIED AS MOOT**.

**NEW ORLEANS, LOUISIANA,** this 26th day of April, 2017.

*(signature)*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[96] Rec. Doc. 107.

[97] Rec. Doc. 110.