**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **PETER HOFFMAN, et al.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 13-5153** |
| **DAVID BAILEY** | **SECTION: "G"(5)** |

## ORDER

In this litigation, Plaintiffs Peter and Susan Hoffman (collectively "the Hoffmans") allege that Defendant David Bailey ("Bailey") sent an email to the Louisiana State Historic Preservation Office in which Bailey allegedly made defamatory statements against the Hoffmans by accusing them of fraudulently participating in a Louisiana tax incentive program.[1] Pending before the Court is the Hoffmans' "Motion to Strike Certain Paragraphs and Referenced Exhibits of Bailey's Counterclaim and For Sanctions Against Defendants David Bailey and Attorneys Barry Goldin and Daniel Carr Re: Violation of 26 U.S.C. Sections 6103(a) and 7213(a)(3) (FRCP 12(f))."[2] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court hereby denies the motion.

## I. Background

### A.    *Factual Background*

In their complaint, the Hoffmans state that Susan Hoffman is owner of Seven Arts Pictures Louisiana, LLC ("SAPLA"), which owns real property located at 807 Esplanade Avenue in New

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 111.

Orleans, Louisiana ("807 Esplanade Property").[3] The Hoffmans aver that SAPLA engaged in substantial rehabilitation of the 807 Esplanade Property in order to restore its historic character and to convert it so that it could be used as a motion picture post-production facility.[4] The Hoffmans contend that SAPLA obtained a letter from the Louisiana Department of Economic Development certifying that the 807 Esplanade Property was eligible for Louisiana film infrastructure tax credits and received certification from the United States Department of the Interior that it qualified for United States historical rehabilitation tax credits.[5] The Hoffmans also allege that SAPLA has requested, but has not yet received, certification from the Louisiana State Historic Preservation Office ("SHPO") that the the 807 Esplanade Property qualifies for Louisiana historic rehabilitation tax credits.[6]

According to the Hoffmans, Peter Hoffman was the Chief Executive Officer of Seven Arts Pictures Plc ("SAP Plc"), an English public limited company, until November 9, 2011.[7] Bailey worked as the company's Finance Director from August 2009 until he left in December 2009.[8] Subsequently, on November 29, 2012, Bailey allegedly sent an e-mail to SHPO stating:

> Dear Jessica
>
> I was interested to read that Peter and Susan Hoffman have applied for rehabilitation tax credits on 807 Esplanade, and have included them as revenue in accounts filed with the SEC. This appears to contradict other evidence which strongly indicates that Peter Hoffman and Susan Hoffman are the architects not of a building, but of a major economic fraud. . . .

---

[3] Rec. Doc. 1 at 2.

[4] *Id.* at 3.

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.* at 4.

> Who should I write to with the evidence I personally have that indicates that all the applications made by the Hoffmans are fraudulent, that the amounts claimed were probably not spent, and that some or all of the funds used to renovate the property were improperly diverted from SAP Plc by way of a transfer to a related party within 2 years of a SAP Plc becoming insolvent?

> David J Bailey[9]

The Hoffmans claim that Bailey's statements in the November 2012 e-mail were "untrue and [were] made maliciously without any basis in fact and with an intent to damage plaintiffs' reputations, successes, and good will," and were intended "to embarrass plaintiffs and to damage plaintiffs' business relationships."[10] The Hoffmans contend that Bailey had never seen the relevant reports summarizing the rehabilitation expenditures and had no responsibility for those expenses during his time as SAP Plc's Finance Director.[11] The Hoffmans argue that Bailey's conduct constitutes defamation and defamation *per se*.[12]

In response, Bailey contends that the Hoffmans' lawsuit is without merit and "part of their scheme of harassment, threats, intimidation, and retaliation" against Bailey for providing assistance to the government in its investigation of the Hoffmans.[13] According to Bailey, while he was employed as Finance Director of SAP Plc in 2009, he had access to accounting records and other financial documents related to the Hoffmans' "plans and schemes" to receive tax credits on the 807 Esplanade Property.[14] Bailey asserts that he became aware of inconsistencies and misstatements in SAP Plc's records and of efforts by the Hoffmans to "apply for and obtain and

---

[9] Rec. Doc. 1-3 at 30.

[10] Rec. Doc. 1 at 5.

[11] *Id.* at 5–6.

[12] *Id.* at 6–8.

[13] Rec. Doc. 98 at 1–2.

[14] *Id.* at 22.

then resell for cash millions of dollars of tax credits with respect to the 807 Esplanade Property."[15] Bailey further alleges that a series of articles published in 2012 informed him that the Hoffmans were seeking millions of dollars in tax credits with respect to the 807 Esplanade Property to help finance "$13.5 million" in redevelopment costs, which Bailey asserts he knew was a false and inflated number.[16] Thus, Bailey alleges that he sent his November 24, 2012 email that is the subject of this defamation action to Louisiana governmental employee Jessica Richardson.[17]

**B.    *Procedural Background***

The Hoffmans filed a complaint in this matter on July 23, 2013.[18] On July 24, 2013, the matter was assigned to Section "A" of the Eastern District of Louisiana.[19] On August 26, 2013, Bailey filed a motion to dismiss for lack of personal jurisdiction, for improper service of process, and for improper venue, and in the alternative, a special motion to strike pursuant to Louisiana Code of Civil Procedure article 971.[20] On January 14, 2014, Judge Zainey stayed discovery proceedings in this matter pursuant to Louisiana Code of Civil Procedure article 971(D) until the Court issued a ruling on the motion to strike.[21] On January 27, 2014, Judge Zainey denied both the motion to dismiss and the special motion to strike.[22]

---

[15] *Id.*

[16] *Id.* at 32–33.

[17] *Id.* at 34.

[18] Rec. Doc. 1.

[19] Rec. Doc. 2.

[20] Rec. Doc. 3-2 at 1.

[21] Rec. Doc. 37.

[22] Rec. Doc. 38.

On February 6, 2014, Judge Zainey held a status conference at which Bailey expressed his intention to seek certification for an interlocutory appeal of Judge Zainey's order denying Bailey's special motion to strike.[23] On that same day, Judge Zainey administratively stayed this matter "pending resolution of that appeal."[24] However, no appeal was filed at that time.[25] Rather, on February 21, 2014, Bailey filed a motion for reconsideration of Judge Zainey's January 27, 2014 Order on the new grounds that Peter Hoffman was indicted in the Eastern District of Louisiana on February 6, 2014, on six counts of conspiracy and wire fraud relating to his submission of false applications for more than $1.1 million of tax credits with respect to the property at issue in this case.[26] On February 25, 2014, Bailey also filed a motion to lift the administrative stay so his motion for reconsideration could be considered.[27]

On February 25, 2014, Judge Zainey recused himself "[i]n light of the indictment recently filed against one of the plaintiffs," and the case was randomly realloted to this Court, Section "G."[28] On December 23, 2015, this Court lifted the stay imposed by Judge Zainey, as Bailey was not pursuing an interlocutory appeal of Judge Zainey's Order denying Bailey's special motion to strike.[29] The same day, the Court denied Bailey's motion for reconsideration, as Bailey had not previously raised the Rule12(b)(6) arguments that he made in his motion for reconsideration and

---

[23] Rec. Doc. 39.

[24] *Id.*

[25] *See* Rec. Doc. 77 at 11 (this Court noting that, as of December 23, 2015, no appeal of Judge Zainey's Order had been filed).

[26] Rec. Doc. 43-1 at 2.

[27] Rec. Doc. 44.

[28] Rec. Doc. 45.

[29] Rec. Doc. 77.

had not moved for reconsideration of the denial of his special motion to strike.[30] The Court further noted that "if Bailey wishes to file a motion to dismiss or a motion for summary judgment, the Court will consider such a motion at that time."[31]

On December 30, 2015, Bailey filed a new motion to dismiss pursuant to Rule 12(b)(6), in which he requested that the Court take judicial notice of several filings in the criminal actions against the Hoffmans and argued that the Hoffmans failed to state a claim upon which relief could be granted in light of those criminal convictions.[32] On February 3, 2016, the Court denied the motion.[33] The Court determined that, on a motion to dismiss, it could only take judicial notice of the fact that the Hoffmans were convicted of mail fraud, wire fraud, and conspiracy to commit mail or wire fraud generally, but not of the facts underlying the convictions that Bailey pointed to in support of his motion to dismiss.[34] The Court further concluded that the Hoffmans had sufficiently alleged that Bailey's email constitutes defamation per se, and thus the Court denied Bailey's motion to dismiss under Rule 12(b)(6).[35] On February 10, 2016, Bailey filed a notice of appeal to the Fifth Circuit on the grounds that he was entitled to immunity from the defamation claims,[36] which the Fifth Circuit dismissed for lack of jurisdiction.[37]

---

[30] Rec. Doc. 78 at 23.

[31] *Id.* at 24.

[32] Rec. Doc. 80.

[33] Rec. Doc. 87.

[34] *Id.* at 22.

[35] *Id.*

[36] Rec. Doc. 89.

[37] Rec. Doc. 95.

As noted above, the Hoffmans have been convicted on multiple counts of wire fraud, mail fraud, and conspiracy in connection with tax credit applications regarding the 807 Esplanade Property.[38] On September 14, 2016, Bailey filed counterclaims against the Hoffmans to recover damages caused by the Hoffmans' allegedly "threatening, harassing, intimidating, and retaliatory litigation" against Bailey under 18 U.S.C. § 1514A and Louisiana state law for malicious prosecution.[39] On April 26, 2017, the Court granted the Hoffmans' motion to dismiss pursuant to Rule 12(b)(6) and dismissed Bailey's counterclaims for failure to state a claim upon which relief could be granted.[40] The Court determined that: (1) Bailey had failed to allege that he complied with the statutory prerequisites necessary to file an action under 18 U.S.C. § 1514A, and thus dismissed his claim under Section 1514A; and (2) Bailey failed to allege that there had been a "bona fide termination" of this proceeding in his favor as required to assert a malicious prosecution claim under Louisiana state law.[41] The Court dismissed Bailey's premature malicious prosecution claim without prejudice.[42] On April 26, 2017, the Court denied the Hoffmans' motion for sanctions against Bailey's counsel for filing Bailey's counterclaims.[43]

On October 12, 2016, Peter Hoffman filed the instant motion to strike certain paragraphs and exhibits in Bailey's Counterclaim and for sanctions against Bailey and his former attorneys.[44]

---

[38] Rec. Doc. 80-1 at 6; Rec. Doc. 81 at 9.

[39] Rec. Doc. 98.

[40] Rec. Doc. 191.

[41] *Id.*

[42] *Id.*

[43] Rec. Doc. 190.

[44] Rec. Doc. 111.

On November 1, 2016, Bailey filed an opposition.[45] On November 7, 2016, with leave of Court, Peter Hoffman filed a reply.[46] On April 10, 2017, with leave of Court, Susan Hoffman joined Peter Hoffman as the moving party in the instant motion.[47]

## II. Parties' Arguments

### A.     The Hoffmans' Arguments in Support of the Motion

In their motion, the Hoffmans request that this Court: (1) strike certain paragraphs and referenced exhibits in Bailey's Counterclaim pursuant to Rule 12(f); and (2) issue sanctions against Defendant David Bailey and Attorneys Barry Golding and Daniel Carr for allegedly illegally disclosing confidential federal income tax returns.[48] First, the Hoffmans assert that Bailey attached their personal tax returns as exhibits to Bailey's Counterclaim, despite the fact that, according to the Hoffmans, there are no allegations in this case related to the Hoffmans' personal federal income tax returns.[49] Second, the Hoffmans argue that the public disclosure of confidential personal tax returns is a violation of federal law.[50] According to the Hoffmans, 26 U.S.C. § 6103(a) establishes that federal income tax returns are confidential, and 26 U.S.C. § 7213(a)(3) makes it a felony for private persons to disclose those returns.[51] Thus, the Hoffmans request that the Court: (1) strike paragraph 38 of Bailey's Counterclaim and the related exhibits (exhibits numbers two through

---

[45] Rec. Doc. 118.

[46] Rec. Doc. 124.

[47] Rec. Doc. 159.

[48] Rec. Doc. 111-2 at 1.

[49] *Id.* at 2–3.

[50] *Id.* at 3.

[51] *Id.* at 3–4.

sixteen); (2) order the removal of these exhibits from the record; and (3) and "fine Bailey and Attorneys Goldin and Car in solido $25,000 for this breach of Federal policy and criminal law."[52]

Additionally, the Hoffmans request that this Court strike certain paragraphs of Bailey's Counterclaim related to Bailey's "equally specious allegations regarding certain audits conducted by Malcom M. Dienes LLC ("Dienes") in connection with the Project."[53] The Hoffmans contend that these audit reports were withdrawn "long before (Feb. 2010) submissions of a compilation of costs were made to [SHPO] in July 2012, the subject of Bailey's defamation."[54] The Hoffmans allege that the only audit report presented to SHPO was completed by Silva Gurtner & Abney, which eliminated all issues raised with respect to the Dienes audits.[55] Thus, the Hoffmans argue that Bailey's "scandalous" and "baseless accusations" regarding the Dienes audits are irrelevant and "impertinent" and should be stricken.[56]

Finally, the Hoffmans assert that Bailey makes "scandalous" and "impertinent" allegations in his Counterclaim regarding an allegedly unrelated case between "the Seven Arts companies and Attorney Goldin as a contingency lawyer representing Jonesfilm."[57] The Hoffmans aver that the Jonesfilm case is irrelevant, as Mr. Hoffman's character is not at issue in this action and was not raised by Bailey's Counterclaim.[58] The Hoffmans contend that these "'scandalous' and 'impertinent' allegations" in paragraphs three through nine in Bailey's Counterclaim and the

---

[52] *Id.* at 4 (emphasis omitted).

[53] *Id.*

[54] *Id.*

[55] *Id.* at 5.

[56] *Id.*

[57] *Id.*

[58] *Id.*

related exhibits one through three should be stricken, and the Court should only consider if they are relevant if Bailey seeks to introduce them as character evidence at trial under Rule 404 of the Federal Rules of Evidence.[59]

In conclusion, the Hoffmans request that the Court: (1) strike paragraphs three through nine and paragraphs thirty-four through forty in Bailey's Counterclaim; (2) strike the related exhibits numbers one through three and twelve through sixteen; and (3) sanction Bailey and Attorneys Goldin and Carr "for the felonious filing and public disclosure of Mr. and Mrs. Hoffman's confidential Federal personal income tax returns."[60]

## B.     *Bailey's Arguments in Opposition to the Motion*

First, Bailey contends that the federal income tax returns were public records, as they were previously filed as exhibits in federal court in a separate litigation action and were not placed under seal.[61] Bailey points out that the identifying information in the upper margin of the exhibits shows that the exhibits were filed into the record of another case.[62] Bailey asserts that these documents were produced to Bailey's former attorney in the other case and "were not produced with any special instructions about confidentiality."[63]

Second, Bailey argues that the statutes cited by the Hoffmans apply to governmental employees, and not to Bailey or his attorneys or to tax returns that are already public.[64] Third, Bailey avers that the Hoffmans' financial situation at the time of their allegedly fraudulent acts is

---

[59] *Id.* at 6.

[60] *Id.* at 6–7.

[61] Rec. Doc. 118 at 1.

[62] *Id.* at 1–2.

[63] *Id.* at 2.

[64] *Id.*

relevant to their ability to make the costly renovations on the 807 Esplanade Property or borrow money to finance those renovations.[65] Bailey also point out that the Dienes audits show that after Dienes audited the Hoffmans' business, the audit company stopped working for the Hoffmans, which is indicative of whether there were fraudulent dealings at the time.[66] Moreover, Bailey alleges that the other related cases "show a pattern of fraudulent behavior on the part of Hoffman," which Bailey contends is relevant to his allegations in the Counterclaim.[67]

Fourth, Bailey asserts that Attorneys Goldin and Carr were not served with or given notice of this motion aimed against them.[68] Bailey argues it "violates their right to due process to attempt to levy fines on them without their knowledge and a chance for them to defend themselves."[69]

## C. The Hoffmans' Arguments in Further Support of the Motion

In their reply memorandum, the Hoffmans aver that 26 U.S.C. § 7213(a)(3) does not apply only to government officials, but rather to any person who has unauthorized possession of confidential tax returns.[70] The Hoffmans argue that their tax returns "are not public documents and any use in prior litigation does not justify unlawful publication in the PACER record of this action."[71] The Hoffmans contend that Bailey failed to cite to any authority that the use of confidential tax returns in one litigation permits unlimited public use of those documents in other

---

[65] *Id.*

[66] *Id.*

[67] *Id.*

[68] *Id.*

[69] *Id.*

[70] Rec. Doc. 124 at 5.

[71] *Id.*

circumstances.[72] The Hoffmans aver that Bailey did not refute the Hoffman's assertion that there are no claims in this case that any tax credit applications were made for payments to the Hoffmans personally, as opposed to other corporate entities, and thus the Hoffmans' personal tax returns are not relevant.[73] The Hoffmans further assert that Bailey's former attorneys Carr and Goldin were given notice of this motion through PACER, and there is "no reason to believe that Attorneys Goldin and Carr have any additional defense to their unlawful action."[74] However, the Hoffmans contend that they have "no objection to this Court issuing an Order to Show Cause to Attorneys Goldin and Carr [as to] why they should not be sanctioned."[75]

### III. Law and Analysis

In their motion, the Hoffmans request that this Court: (1) strike certain paragraphs and referenced exhibits in Bailey's Counterclaim pursuant to Rule 12(f); and (2) issue sanctions against Defendant David Bailey and Attorneys Barry Golding and Daniel Carr for allegedly illegally disclosing the Hoffmans' confidential federal income tax returns.[76] As a preliminary matter, the Court notes that, subsequent to the filing of this motion, the Court granted the Hoffmans' motion to dismiss Bailey's counterclaims pursuant to Rule 12(b)(6).[77] However, because the Hoffmans request that certain paragraphs and exhibits included in Bailey's Answer and Counterclaim be stricken from the record entirely and that sanctions be issued against Bailey and his former

---

[72] *Id.*

[73] *Id.*

[74] *Id.*

[75] *Id.*

[76] Rec. Doc. 111-2 at 1.

[77] Rec. Doc. 191.

attorneys, the Court will consider the instant motion. Thus, the Court will consider each issue raised by the Hoffmans in turn.

## A. *Whether certain paragraphs and exhibits in Bailey's Counterclaim should be stricken pursuant to Rule 12(f)*

### 1. Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f) further provides that the Court "may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." A motion to strike under Rule 12(f) "is a drastic remedy to be resorted to only when required for the purposes of justice."[78] Thus, motions to strike made under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted.[79]

The Fifth Circuit has held that a motion to strike should be granted "only when the pleading to be stricken has no possible relation to the controversy."[80] Likewise, disputed questions of fact "cannot be decided on motion to strike," and, "when there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike."[81] Furthermore, "impertinent" matter consists of statements that

---

[78] *Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962); *Marceaux v. Lafayette Consol. Gov't*, No. 12-01532, 2012 WL 5197667, at *1 (W.D. La. Oct. 18, 2012).

[79] *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982) (holding that "motions to strike a defense are generally disfavored"); *Marceaux*, 2012 WL 5197667, at *1; *F.D.I.C. v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993).

[80] *Augustus*, 306 F.2d at 868; *Niblo*, 821 F. Supp. at 449 ("In order to succeed on a motion to strike surplus matter from an answer, it must be shown that the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party.").

[81] *Kaiser Aluminum & Chem. Sales, Inc.*, 677 F.2d at 1057 (determining that striking a defense is proper "when the defense is insufficient as a matter of law"); *Augustus*, 306 F.2d at 868.

"do not pertain, and are not necessary, to the issues in question."[82] Deciding whether to strike certain material from a complaint lies within the Court's discretion.[83]

### 2. Analysis

Here, the Hoffmans assert that the inclusion of certain paragraphs and exhibits related to their "confidential" federal income tax returns, the Dienes audits, and an allegedly unrelated case between "the Seven Arts companies and Attorney Goldin as a contingency lawyer representing Jonesfilm" should be stricken as "scandalous" and "impertinent" under Rule 12(f).[84] However, Bailey's Answer and Counterclaim was filed on September 14, 2016,[85] and the Hoffmans did not file their motion to strike pursuant to Rule 12(f) until October 12, 2016, *i.e.* 29 days later,[86] and after the Hoffmans filed a motion to dismiss Bailey's counterclaims.[87] As stated *supra*, a motion to strike must be made by a party "either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading."[88] Accordingly, the Hoffmans' motion to strike is untimely.

Even if the Hoffmans' motion to strike was timely, the Hoffmans have not demonstrated that any of the challenged material in Bailey's Counterclaim constitutes "redundant, immaterial,

---

[82] *See S.E.C. v. Blackburn*, No. 15-2451, 2015 WL 5665168, at *2 (E.D. La. Sept. 23, 2015) (Barbier, J.) (citing 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (3d ed. 2004)).

[83] *See In re Beef Indus. Antitrust Litig., MDL Docket No. 248*, 600 F.2d 1148, 1168 (5th Cir. 1979) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1382, at 807 (1969)); *Marceaux*, 2012 WL 5197667, at *1.

[84] *See* Rec. Doc. 111-2.

[85] Rec. Doc. 98.

[86] Rec. Doc. 111.

[87] Rec. Doc. 107.

[88] Fed. R. Civ. P. 12(f)(2).

impertinent, or scandalous matter."[89] First, the Court notes that the Hoffmans point to 26 U.S.C. § 6103(a)(3) to argue that Bailey and his counsel violated federal law when they attached the Hoffmans' federal tax returns to Bailey's Counterclaim.[90] The Hoffmans assert that the "express terms" of 26 U.S.C. § 6103(a)(3) prohibits "any person who has unauthorized possession of confidential tax returns" from disclosing federal income tax returns.[91] However, contrary to the Hoffmans' representation to this Court, the "express terms" of 26 U.S.C. § 6103(a)(3) state that:

> no other person (or officer or employee thereof) who *has or had access to returns or return information under subsection (e)(1)(D)(iii), subsection (k)(10), paragraph (6), (10), (12), (16), (19), (20), or (21) of subsection (l), paragraph (2) or (4)(B) of subsection (m), or subsection (n)* . . . shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or an employee or otherwise or under the provisions of this section.[92]

In other words, 26 U.S.C. § 6103(a)(3) does not apply to all persons as the Hoffmans contend,[93] but rather to those persons who had access to the returns under specific subsections of Section 6103. Furthermore, the Hoffmans failed to identify which subsection of Section 6103 that they contend would apply to Bailey in this instance and would subject him to Section 6103's restrictions on disclosure.

Moreover, as several other courts have determined, "[a]ny previous public use of [tax] information divests the taxpayer of [his] privacy interest" and precludes a taxpayer from alleging a breach of confidentiality.[94] For example, in *Lampert v. United States*, the Ninth Circuit

---

[89] *Id.*

[90] Rec. Doc. 124 at 5.

[91] *Id.*

[92] 26 U.S.C.A. § 6103(a)(3) (emphasis added).

[93] *See* Rec. Doc. 124 at 5 ("Bailey falsely argues that 26 U.S.C. § 7213(a)(3) applies only to government officials when by its express terms it applies [to] any person who has unauthorized possession of confidential tax returns.").

[94] *Messinger v. United States*, 769 F. Supp. 935, 937 (D. Md. 1991) ("It is axiomatic that in order to bring suit for breach of confidentiality, the information allegedly published without consent cannot have previously been made public in a legitimate manner."); *see also William E. Schrambling Accountancy Corp. v. United States*, 937 F.2d 1485,

determined that once tax information is lawfully disclosed in court proceedings, the taxpayer may no longer claim a right of privacy in that information.[95] By contrast, the Hoffmans have pointed to no statutory authority or applicable case law, nor has the Court found any, that demonstrates that Bailey is precluded from referencing tax returns that were previously filed in a federal court's public record without being placed under seal. Therefore, even if the Hoffmans' motion was timely, the Hoffmans have failed to show that Bailey's use of the Hoffmans' public tax returns as proof of their financial situation at the time the allegedly fraudulent tax credit applications were made are "scandalous" and "impertinent" or violate federal law. Accordingly, the Court denies the Hoffmans' motion to strike certain paragraphs and exhibits with regard to the Hoffmans' federal tax returns.

Second, the Hoffmans also request that Bailey's "equally specious allegations regarding certain audits conducted by Malcom M. Dienes LLC ("Dienes") in connection with the Project" should be stricken.[96] The Hoffmans argue that the Dienes audits were withdrawn and replaced by a report completed by Silva Gurtner & Abney, and thus the Dienes audits are irrelevant and "impertinent."[97] In response, Bailey argues that the Dienes audits are relevant, as they are indicative of whether the Hoffmans were engaged in fraudulent dealings at the time of the audit.[98]

---

1488 (9th Cir. 1991) ("Disclosure of return information that is not confidential does not violate Section 6103."); *Lampert v. United States,* 854 F.2d 335, 338 (9th Cir. 1988) ("Once tax return information is made a part of the public domain, the taxpayer may no longer claim a right of privacy in that information"); *Thomas v. United States,* 671 F.Supp. 15, 16 (E.D.Wis. 1987) ("[o]nce tax return information enters the public domain, the taxpayer no longer has any privacy interests in that information"), *aff'd,* 890 F.2d 18 (7th Cir.1989); *United States v. Posner*, 594 F.Supp. 930, 936 (S.D.Fla.1984) (once federal tax return information "is in the public domain . . . the entitlement to privacy is lost"), *aff'd,* 764 F.2d 1535 (11th Cir. 1985); *Cooper v. I.R.S.*, 450 F.Supp. 752, 755 (D.D.C. 1977) (documents properly released to the tax court "became part of the public record, thereby losing all semblance of confidentiality").

[95] 854 F.2d 335, 338 (9th Cir. 1988).

[96] Rec. Doc. 111-2 at 4.

[97] *Id.* at 5.

[98] Rec. Doc. 118 at 2.

Here, the Court finds that the Hoffmans have failed to show that the references to the Dienes audits in Bailey's Counterclaim are "redundant, immaterial, impertinent, or scandalous" or should otherwise be stricken under Rule 12(f). As other courts have noted, motions to strike are generally disfavored, and striking a defendant's allegedly irrelevant allegations as "immaterial" or "impertinent" under Rule 12(f) is typically only appropriate "when they have no possible relation to the controversy and may cause prejudice to one of the parties."[99] Here, Bailey asserts that the Dienes audits are relevant because they were conducted in support of the Hoffmans' allegedly fraudulent tax credit applications and were allegedly withdrawn by Dienes "because they were false and misleading."[100] By contrast, the Hoffmans have failed to refute Bailey's assertion or sufficiently support their contention that the Dienes audits are "immaterial" or "impertinent." Therefore, even if the Hoffmans' motion to strike was timely, the Court finds that the Hoffmans have failed to show that Bailey's references to the Dienes audits should be stricken pursuant to Rule 12(f). Accordingly, the Court denies the Hoffmans' motion to strike certain paragraphs and exhibits with regard to the Dienes audits.

Third, the Hoffmans request that Bailey's "scandalous" and "impertinent" allegations regarding an allegedly irrelevant case between "the Seven Arts companies and Attorney Goldin as a contingency lawyer representing Jonesfilm" should also be stricken pursuant to Rule 12(f).[101] In response, Bailey avers that the case is related to this action and shows "a pattern of fraudulent behavior on the part of Hoffman," which Bailey contends is relevant to his allegations in the

---

[99] *See U.L. Coleman Co. v. Bossier City-Par. Metro. Planning Comm'n*, No. 08-2011, 2015 WL 6506173, at *1 (W.D. La. Oct. 27, 2015); *Jefferson Par. Consol. Garbage Dist. No. 1 v. Waste Mgmt. of Louisiana, L.L.C.*, No. 09-6270, 2010 WL 1731418, at *5 (E.D. La. Apr. 28, 2010) (Lemelle, J.) (citing *Berry v. Lee*, 428 F.Supp.2d 546, 563 (N.D.Tex. 2006); *Boreri v. Fiat S.p.A.*, 763 F.2d 17, 23 (1st Cir. 1985)).

[100] Rec. Doc. 98 at 25.

[101] Rec. Doc. 111-1 at 5–6.

Counterclaim.[102] The Court notes that it is unclear at this time if prior litigation and sanctions against Peter Hoffman for other fraudulent activity and for his "history of harassing, intimidating, retaliatory and vindictive litigation" is relevant to this litigation. However, as stated *supra*, motions to strike are generally disfavored, and striking a defendant's allegedly irrelevant allegations as "immaterial" or "impertinent" under Rule 12(f) is typically only appropriate "when they have no possible relation to the controversy and may cause prejudice to one of the parties."[103] Here, Bailey argues that this evidence demonstrates a "pattern of fraudulent behavior" by Peter Hoffman, and the Hoffmans have not shown in response that Bailey's references to prior litigation and sanctions against Peter Hoffman are so immaterial, impertinent, or irrelevant that they should be stricken pursuant to Rule 12(f). Accordingly, even if the Hoffmans' motion to strike was timely, the Court denies the Hoffmans' motion with regard to the litigation between "the Seven Arts companies and Attorney Goldin as a contingency lawyer representing Jonesfilm."[104]

**B.    *Whether sanctions should be issued against Defendant David Bailey and Attorneys Barry Golding and Daniel Carr***

Second, the Hoffmans aver that sanctions should be issued against Defendant David Bailey and attorneys Barry Golding and Daniel Carr for allegedly illegally disclosing the Hoffmans' federal income tax returns.[105] In response, Bailey asserts that attorneys Goldin and Carr were not served with or given notice of this motion aimed against them.[106]

---

[102] Rec. Doc. 118 at 2.

[103] *See U.L. Coleman Co.*, 2015 WL 6506173, at *1; *Jefferson Par. Consol. Garbage Dist. No. 1*, No. 09-6270, 2010 WL 1731204, at *5 (citations omitted).

[104] Rec. Doc. 111-1 at 5–6.

[105] *Id.* at 1.

[106] Rec. Doc. 118 at 2.

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, an attorney must certify that, to the best of the person's knowledge, information, and belief: (1) the pleading filed is not being presented for any improper purpose; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support; and (4) the denials of factual contentions are warranted on the evidence. Under Rule 11(c), a court may impose appropriate sanctions, including attorneys' fees, on an attorney who files pleadings in violation of Rule 11.[107] A district court's decision to deny Rule 11 sanctions is reviewed for abuse of discretion.[108]

A motion for sanctions by a party must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).[109] "The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."[110]

Here, the Court finds that the Hoffmans have failed to comply with the notice requirements of Rule 11(c) for filing a motion for sanctions, as the Hoffmans have failed to: (1) make their motion for sanctions separate from any other motion; and (2) serve the motion under Rule 5 on Bailey and his former attorneys at least 21 days before filing the motion in this Court.[111] Moreover,

---

[107] Fed. R. Civ. Pro. 11(c); *see Mercury Air Grp., Inc. v. Mansour*, 237 F.3d 542, 548 (5th Cir. 2001); *Anderson v. Law Firm of Shorty, Dooley & Hall*, 697 F. Supp. 2d 664, 667 (E.D. La. 2010) (Vance, J.).

[108] *Bergquist v. FyBX Corp.*, 108 F. App'x 903, 904 (5th Cir. 2004); *Harang v. Schwartz*, No. 13-058, 2014 WL 294589, at *1 (E.D. La. Jan. 27, 2014) (Brown, J.).

[109] Fed. R. Civ. Pro. 11(c)(2).

[110] *Id.*

[111] *Id.*

as discussed *supra*, the Hoffmans have failed to show that Bailey is precluded from using public tax returns in this litigation that were previously filed in a federal court's public record without being placed under seal. Additionally, the Hoffmans have not shown that Bailey is subject to 26 U.S.C. § 6103(a)(3)'s prohibitions on disclosure of confidential tax returns or that Bailey's conduct otherwise violates federal law. Accordingly, the Court concludes that Bailey's references to and attachment of the Hoffmans' federal tax returns in his counterclaims did not amount to a violation of Rule 11,[112] and thus the Hoffmans' motion for sanctions against Bailey's counsel is denied.

## IV. Conclusion

Based on the foregoing, the Court concludes that the Hoffmans' motion to strike certain paragraphs and exhibits in Bailey's Counterclaim is untimely, and is thus denied. Even if the Hoffmans' motion to strike was timely, the Court also finds that the Hoffmans have failed to show that Bailey's use of and references to the Hoffmans' federal tax returns, the Dienes audits, or previous litigation and sanctions against Peter Hoffman are "redundant, immaterial, impertinent, or scandalous" or should otherwise be stricken pursuant to Rule 12(f). Accordingly, the Court denies the Hoffmans' motion to strike. Additionally, the Court denies Bailey's request that the Court issue sanctions against Bailey and his former attorneys, as the Hoffmans failed to comply with Rule 11(c)'s notice requirements for motions for sanctions or show that Bailey's use of the Hoffmans' personal tax returns constitutes a violation of Rule 11 or federal law. Accordingly,

---

[112] *See Smith v. Our Lady of the Lake Hosp., Inc.*, 960 F.2d 439, 444 (5th Cir. 1992) ("In determining the reasonableness of a legal inquiry, a court may consider the time available to the attorney; the plausibility of the legal view contained in the document; the *pro se* status of a litigant; and the complexity of the legal and factual issues raised."); *see also CJC Holdings, Inc. v. Wright & Lato, Inc.*, 989 F.2d 791, 794 (5th Cir. 1993) (holding that "misapplication of Rule 11 can chill counsel's 'enthusiasm and stifle the creativity of litigants in pursuing novel factual or legal theories,' contrary to the intent of its framers.") (citations omitted).

**IT IS HEREBY ORDERED** that the Hoffmans' "Motion to Strike Certain Paragraphs and Referenced Exhibits of Bailey's Counterclaim and For Sanctions Against Defendants David Bailey and Attorneys Barry Goldin and Daniel Carr Re: Violation of 26 U.S.C. Sections 6103(a) and 7213(a)(3) (FRCP 12(f))"[113] is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this 12th day of May, 2017.

_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[113] Rec. Doc. 111.