**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **PETER HOFFMAN, et al.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 13-5153** |
| **DAVID BAILEY** | **SECTION: "G"(5)** |

## ORDER

In this litigation, Plaintiffs Peter and Susan Hoffman (collectively "the Hoffmans") allege that Defendant David Bailey ("Bailey") sent an email to the Louisiana State Historic Preservation Office in which Bailey allegedly made defamatory statements against the Hoffmans by accusing them of fraudulently participating in a Louisiana tax incentive program.[1] Pending before the Court is the Hoffmans' "Motion Seeking Award of Attorney Fees to Plaintiff as Prevailing Party Re: Order of January 27, 2014 [DKT. 38] (LaCCP ART. 971(B))."[2] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court hereby denies the Hoffmans' motion seeking attorneys' fees.

## I. Background

### A. *Factual Background*

In their complaint, the Hoffmans state that Susan Hoffman is owner of Seven Arts Pictures Louisiana, LLC ("SAPLA"), which owns real property located at 807 Esplanade Avenue in New Orleans, Louisiana ("the Property").[3] The Hoffmans aver that SAPLA engaged in substantial

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 109.

[3] Rec. Doc. 1 at 2.

rehabilitation of the Property in order to restore its historic character and to convert the Property

so that it could be used as a motion picture post-production facility.[4] The Hoffmans contend that

SAPLA obtained a letter from the Louisiana Department of Economic Development certifying that

the Property was eligible for Louisiana film infrastructure tax credits and received certification

from the United States Department of the Interior that the Property qualified for United States

historical rehabilitation tax credits.[5] The Hoffmans also allege that SAPLA has requested, but has

not yet received, certification from the Louisiana State Historic Preservation Office ("SHPO") that

the Property qualifies for Louisiana historic rehabilitation tax credits.[6]

According to the Hoffmans, Peter Hoffman was the Chief Executive Officer of Seven Arts

Pictures Plc ("SAP Plc"), an English public limited company, until November 9, 2011.[7] Bailey

worked as the company's Finance Director from August 2009 until he left in December 2009.[8]

Subsequently, on November 29, 2012, Bailey allegedly sent an e-mail to SHPO stating:

> Dear Jessica
>
> I was interested to read that Peter and Susan Hoffman have applied for
> rehabilitation tax credits on 807 Esplanade, and have included them as revenue in
> accounts filed with the SEC. This appears to contradict other evidence which
> strongly indicates that Peter Hoffman and Susan Hoffman are the architects not of
> a building, but of a major economic fraud. . . .
>
> Who should I write to with the evidence I personally have that indicates that all the
> applications made by the Hoffmans are fraudulent, that the amounts claimed were
> probably not spent, and that some or all of the funds used to renovate the property
> were improperly diverted from SAP Plc by way of a transfer to a related party
> within 2 years of a SAP Plc becoming insolvent?

---

[4] *Id.* at 3.

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.* at 4.

David J Bailey[9]

The Hoffmans claim that Bailey's statements in the November 2012 e-mail were "untrue and [were] made maliciously without any basis in fact and with an intent to damage plaintiffs' reputations, successes, and good will," and were intended "to embarrass plaintiffs and to damage plaintiffs' business relationships."[10] The Hoffmans contend that Bailey had never seen the relevant reports summarizing the rehabilitation expenditures and had no responsibility for those expenses during his time as SAP Plc's Finance Director.[11] The Hoffmans argue that Bailey's conduct constitutes defamation and defamation *per se*.[12]

In response, Bailey contends that the Hoffmans' lawsuit is without merit and "part of their scheme of harassment, threats, intimidation, and retaliation" against Bailey for providing assistance to the government in its investigation of the Hoffmans.[13] According to Bailey, while he was employed as Finance Director of SAP Plc in 2009, he had access to accounting records and other financial documents related to the Hoffmans' "plans and schemes" to receive tax credits on the 807 Esplanade Property.[14] Bailey asserts that he became aware of inconsistencies and misstatements in SAP Plc's records and of efforts by the Hoffmans to "apply for and obtain and then resell for cash millions of dollars of tax credits with respect to the 807 Esplanade Property."[15] Bailey further alleges that a series of articles published in 2012 informed him that the Hoffmans

---

[9] Rec. Doc. 1-3 at 30.

[10] Rec. Doc. 1 at 5.

[11] *Id.* at 5–6.

[12] *Id.* at 6–8.

[13] Rec. Doc. 98 at 1–2.

[14] *Id.* at 22.

[15] *Id.*

were seeking millions of dollars in tax credits with respect to the 807 Esplanade Property to help finance "$13.5 million" in redevelopment costs, which Bailey asserts he knew was a false and inflated number.[16] Thus, Bailey alleges that he sent his November 24, 2012 email that is the subject of this defamation action to Louisiana governmental employee Jessica Richardson.[17]

**B.    *Procedural Background***

The Hoffmans filed a complaint in this matter on July 23, 2013.[18] On July 24, 2013, the matter was assigned to Section "A" of the Eastern District of Louisiana.[19] On August 26, 2013, Bailey filed a motion to dismiss for lack of personal jurisdiction, for improper service of process, and for improper venue, and in the alternative, a special motion to strike pursuant to Louisiana Code of Civil Procedure article 971.[20] On January 14, 2014, Judge Zainey stayed discovery proceedings in this matter pursuant to Article 971(D) until the Court issued a ruling on the motion to strike.[21] On January 27, 2014, Judge Zainey denied both the motion to dismiss and the special motion to strike.[22] Judge Zainey determined that: (1) service was sufficient; (2) a single email to a Louisiana state agency from a citizen of the United Kingdom who has no other contacts with Louisiana is sufficient to exercise personal jurisdiction; (3) venue was proper; and (4) the Hoffmans' causes of action are not subject to an Article 971 special motion to strike, as, according to Judge Zainey, Bailey is a nonresident alien who "is not entitled to free speech rights under either

---

[16] *Id.* at 32–33.

[17] *Id.* at 34.

[18] Rec. Doc. 1.

[19] Rec. Doc. 2.

[20] Rec. Doc. 3-2 at 1.

[21] Rec. Doc. 37.

[22] Rec. Doc. 38.

the United States or Louisiana Constitution."[23] Judge Zainey further noted that the Hoffmans requested attorneys' fees in their opposition pursuant to Article 971(B), but ordered them to submit a "supported formal motion in compliance with this Court's Local Rules" requesting attorneys' fees before the court would consider the issue.[24]

On February 6, 2014, Judge Zainey held a status conference at which Bailey expressed his intention to seek certification for an interlocutory appeal of Judge Zainey's order denying Bailey's special motion to strike.[25] On that same day, Judge Zainey administratively stayed this matter "pending resolution of that appeal."[26] However, no appeal was filed at that time.[27] Rather, on February 21, 2014, Bailey filed a motion for reconsideration of Judge Zainey's January 27, 2014 Order on the new grounds that Peter Hoffman was indicted in the Eastern District of Louisiana on February 6, 2014, on six counts of conspiracy and wire fraud relating to his submission of false applications for more than $1.1 million of tax credits with respect to the property at issue in this case.[28] On February 25, 2014, Bailey also filed a motion to lift the administrative stay so his motion for reconsideration could be considered.[29]

On February 25, 2014, Judge Zainey recused himself "[i]n light of the indictment recently filed against one of the plaintiffs," and the case was randomly realloted to this Court, Section

---

[23] *Id.*

[24] *Id.* at 22 n.62.

[25] Rec. Doc. 39.

[26] *Id.*

[27] *See* Rec. Doc. 77 at 11 (this Court noting that, as of December 23, 2015, no appeal of Judge Zainey's Order had been filed).

[28] Rec. Doc. 43-1 at 2.

[29] Rec. Doc. 44.

"G."[30] On December 23, 2015, this Court lifted the stay imposed by Judge Zainey, as Bailey was not pursuing an interlocutory appeal of Judge Zainey's Order denying Bailey's special motion to strike.[31] The same day, the Court denied Bailey's motion for reconsideration, as Bailey had not previously raised the Rule 12(b)(6) arguments that he made in his motion for reconsideration and had not moved for reconsideration of the denial of his special motion to strike.[32] The Court further noted that "if Bailey wishes to file a motion to dismiss or a motion for summary judgment, the Court will consider such a motion at that time."[33]

On December 30, 2015, Bailey filed a new motion to dismiss pursuant to Rule 12(b)(6), in which he requested that the Court take judicial notice of several filings in the criminal actions against the Hoffmans and argued that the Hoffmans failed to state a claim upon which relief could be granted in light of those criminal convictions.[34] On February 3, 2016, the Court denied the motion.[35] The Court determined that, on a motion to dismiss, it could only take judicial notice of the fact that the Hoffmans were convicted of mail fraud, wire fraud, and conspiracy to commit mail or wire fraud generally, but not of the facts underlying the convictions that Bailey pointed to in support of his motion to dismiss.[36] The Court further concluded that the Hoffmans had sufficiently alleged that Bailey's email constitutes defamation *per se*, and thus the Court denied

---

[30] Rec. Doc. 45.

[31] Rec. Doc. 77.

[32] Rec. Doc. 78 at 23.

[33] *Id.* at 24.

[34] Rec. Doc. 80.

[35] Rec. Doc. 87.

[36] *Id.* at 22.

Bailey's motion to dismiss under Rule 12(b)(6).[37] On February 10, 2016, Bailey filed a notice of appeal to the Fifth Circuit on the grounds that he was entitled to immunity from the defamation claims,[38] which the Fifth Circuit dismissed for lack of jurisdiction.[39]

On October 12, 2016, Peter Hoffman filed the instant motion requesting attorneys' fees pursuant to Louisiana Code of Civil Procedure article 971(B).[40] On November 1, 2016, Bailey filed an opposition.[41] On November 7, 2016, with leave of Court, Peter Hoffman filed a reply.[42] On April 4, 2017, with leave of Court, Susan Hoffman joined Peter Hoffman as the moving party in the instant motion.[43]

Since this action was filed, the Hoffmans have been convicted on multiple counts of wire fraud, mail fraud, and conspiracy in connection with tax credit applications regarding the 807 Esplanade Property.[44] On September 14, 2016, Bailey filed a counterclaim against the Hoffmans to recover damages caused by the Hoffmans' allegedly "threatening, harassing, intimidating, and retaliatory litigation" against Bailey under 18 U.S.C. § 1514A and Louisiana state law for malicious prosecution.[45] On April 26, 2017, the Court granted the Hoffmans' motion to dismiss pursuant to Rule 12(b)(6) and dismissed Bailey's counterclaims for failure to state a claim upon

---

[37] *Id.*

[38] Rec. Doc. 89.

[39] Rec. Doc. 95.

[40] Rec. Doc. 109.

[41] Rec. Doc. 116.

[42] Rec. Doc. 124.

[43] Rec. Doc. 159.

[44] Rec. Doc. 80-1 at 6; Rec. Doc. 81 at 9.

[45] Rec. Doc. 98.

which relief could be granted.[46] The Court determined that: (1) Bailey had failed to allege that he complied with the statutory prerequisites necessary to file an action under 18 U.S.C. § 1514A, and thus dismissed his claim under Section 1514A; and (2) Bailey failed to allege that there had been a "bona fide termination" of this proceeding in his favor as required to assert a malicious prosecution claim under Louisiana state law.[47] The Court dismissed Bailey's premature malicious prosecution claim without prejudice.[48] On April 26, 2017, the Court denied the Hoffmans' motion for sanctions against Bailey's counsel for filing Bailey's counterclaims.[49]

## II. Parties' Arguments

### A.    The Hoffmans' Arguments in Support of the Motion

In their motion, the Hoffmans assert that on January 27, 2014, prior to this case being transferred to Section "G," Judge Zainey denied Bailey's special motion to strike pursuant to Louisiana Code of Civil Procedure article 971.[50] According to the Hoffmans, under Article 971, the "prevailing party" on a special motion to strike is entitled to attorneys' fees.[51] The Hoffmans contend that Judge Zainey directed them to file a "supported formal motion in compliance with this Court's Local Rule" before that court would consider the issue of attorneys' fees.[52] Accordingly, the Hoffmans submit billing reports and records of their previous counsel who

---

[46] Rec. Doc. 191.

[47] *Id.*

[48] *Id.*

[49] Rec. Doc. 190.

[50] Rec. Doc. 109-2 at 1 (citing Rec. Doc. 38).

[51] *Id.* at 3.

[52] *Id.* at 1 (citing Rec. Doc. 38).

worked on opposing Bailey's motion to dismiss and special motion to strike.[53] The Hoffmans assert that the two motions were reviewed and briefed together "as the legal and factual issues on both were inextricably intertwined."[54] Thus, the Hoffmans request $50,000 in attorneys' fees and costs pursuant to Article 971(B) for the work done on both the motion to dismiss and the special motion to strike.[55]

## B.       *Bailey's Arguments in Opposition to the Motion*

In opposition, Bailey contends that the Hoffmans provide no explanation for why they are filing this motion for attorneys' fees "almost three years after the Order and Reasons" was issued denying Bailey's special motion to strike.[56] Bailey argues that Article 971 was enacted to protect free speech, and "was not intended for Hoffman's purposes."[57] Moreover, Bailey asserts that the Hoffmans are not the "prevailing party" under Article 971(B).[58] According to Bailey, the United States Supreme Court has interpreted the legal term "prevailing party" in the Fair Housing Amendments Act of 1988 and the Americans with Disabilities Act of 1990 to mean the party "in whose favor a judgment is rendered."[59] Thus, Bailey argues that, because the Hoffmans have not prevailed in this lawsuit, they are not entitled to attorneys' fees as a "prevailing party."[60] In the

---

[53] Rec. Doc. 109-3.

[54] Rec. Doc. 109-2 at 1.

[55] *Id.*

[56] Rec. Doc. 116 at 1.

[57] *Id.* at 2.

[58] *Id.*

[59] *Id.* at 3.

[60] *Id.*

alternative, Bailey argues that the number of billed hours are excessive, and that there is no evidence that these attorneys' fees were actually paid.[61]

## C.     *The Hoffmans' Arguments in Further Support of the Motion*

In their reply memorandum, the Hoffmans aver that the January 27, 2014 Order denied all of Bailey's requested relief in his motion.[62] The Hoffmans point out that Bailey does not cite any authority for the proposition that "prevailing party" under Article 971(B) requires a judgment in favor of the Hoffmans in this action.[63] Rather, the Hoffmans assert that the language of Article 971(B) clearly indicates that attorneys' fees are awarded to the prevailing party "on a special motion to strike," and not the litigation itself.[64] Finally, the Hoffmans contend that the request for attorneys' fees is based on their previous counsel's actual billings and time records.[65]

## III. Law and Analysis

## A.     *Legal Standard for Special Motions to Strike*

Pursuant to Louisiana Code of Civil Procedure article 971, a special motion to strike is a procedural device used to quickly dismiss meritless claims arising from any act of a person "in furtherance of the person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue."[66] Louisiana Code of Civil Procedure article 971(B) provides that the "prevailing party on a special motion to strike shall be awarded reasonable

---

[61] *Id.*

[62] Rec. Doc. 124 at 4.

[63] *Id.*

[64] *Id.*

[65] *Id.*

[66] La. Code Civ. P. art. 971.

attorneys' fees and costs." Under Louisiana law, "[s]tatutes providing for penalties and attorney's fees are penal in nature and must be strictly construed."[67]

Courts employ a two-part burden-shifting analysis when considering a special motion to strike pursuant to Article 971.[68] The initial burden rests with the defendant-movant to make a *prima facie* showing that: (1) the cause of action against him arises from an act by him in exercise of his right of petition or free speech under the United States Constitution or Louisiana Constitution; and (2) the act is in connection with a public issue.[69] If the movant demonstrates that his comments were constitutionally protected and in connection with a public issue, the burden shifts to the plaintiff to demonstrate a "probability of success" on his claim.[70]

## B. *Legal Standard for Assessing Requests for Attorneys' Fees*

Courts in the Fifth Circuit engage in a two-step process to assess the reasonable amount of attorneys' fees to be awarded to a party. First, courts must determine the reasonable numbers of hours expended on the litigation and the reasonable hourly rates for the participating lawyers.[71] Then, a lodestar is calculated by multiplying the reasonable number of hours reasonably expended by the reasonable hourly rates in the community for such work.[72] The burden is on the applicant for attorneys' fees to produce sufficient documentation for a court to determine the reasonable

---

[67] *Alexander v. Centanni*, 2011-0783 (La. App. 4 Cir. 11/16/11), 80 So. 3d 590, 592 (citations omitted); *Delta Chem. Corp. v. Lynch*, 2007-0431 (La. App. 4 Cir. 2/27/08), 979 So. 2d 579, 588 (determining that the attorneys' fees provision under Article 971(B) must be strictly construed).

[68] *Yount v. Handshoe*, 14-919 (La. App. 5 Cir. 5/28/15), 171 So. 3d 381, 385–86 (citing *Thomas*, 833 So.2d 1282; *Aymond v. Dupree*, 05–1248 (La. App. 3 Cir. 04/12/06), 928 So.2d 721)).

[69] *Id.*

[70] *Starr v. Boudreaux*, 2007-0652 (La. App. 1 Cir. 12/21/07), 978 So. 2d 384, 388; *See Thinkstream*, 971 So.2d at 1100.

[71] *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) (citations omitted).

[72] *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006); *Kellstrom*, 50 F.3d at 324.

amount of an attorneys' fee award.[73] A district court may reduce or eliminate the number of hours awarded "if the documentation is vague or incomplete."[74]

"There exists a strong presumption of the reasonableness of the lodestar amount."[75] However, after calculating the lodestar, a district court may decrease or enhance the amount of attorney's fees based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*[76] These factors are: (1) the time and labor required to litigate the matter; (2) the novelty and difficulty of the issues; (3) the skill required to properly litigate the issues; (4) whether the attorney had to refuse other work to litigate the case; (5) the attorney's customary fee; (6) whether the fee is fixed or contingent; (7) whether the client or case imposed time constraints; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorney; (10) whether the case was "undesirable;" (11) the type of attorney-client relationship and whether the relationship was long-standing; and (12) awards made in similar cases.[77] A district court may also "reduce or eliminate" the number of hours awarded "if the documentation

---

[73] *Kellstrom*, 50 F.3d at 324.

[74] *Id.*

[75] *Saizan*, 448 F.3d at 800.

[76] *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). Traditionally, courts have considered the factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) when calculating attorney's fees. In *Perdue v. Kenny A. ex. rel. Winn*, 559 U.S. 542, 550–551 (2010), the Supreme Court noted that the *Johnson* factors were "[o]ne possible method" for determining reasonable attorney's fees, but that the factors "gave very little actual guidance to district courts. Setting attorney's fees by reference to a series of sometimes subjective factors placed unlimited discretion in trial judges and produced disparate results." Since *Perdue*, however, the Fifth Circuit and the Eastern District of Louisiana have continued to weigh the *Johnson* factors when considering whether to decrease or enhance the lodestar in attorney's fee cases. *See, e.g., Ransom v. M. Patel Enters., Inc.*, 734 F.3d 377, 388 n.17 (5th Cir. 2013); *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013); *Altier v. Worley Catastrophe Response, LLC*, No. 11-241, 2012 WL 161824, at *22 (E.D. La. Jan. 18, 2012) (Wilkinson, M.J.). Accordingly, this Court does the same. *See Ahmed v. Bros. Food Mart, et al.*, No. 13-5948, Rec. Doc. 33 (E.D. La. Sept. 12, 2014) (Brown, J.).

[77] *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

[supporting the request for attorneys' fees] is vague or incomplete."[78] Likewise, pursuant to Local

Rule 54.2, "[i]n all cases in which a party seeks attorneys' fees, the party must submit to the court

a verified, contemporaneous report reflecting the date, time involved, and nature of the services

performed."

### C.     Analysis

In their motion, the Hoffmans request attorneys' fees and costs pursuant to Louisiana Code

of Civil Procedure article 971(B), as they allege that they were the "prevailing party" on Judge

Zainey's January 27, 2014 Order denying Bailey's motion to strike.[79] The Court first notes that, in

the Hoffmans' October 1, 2013 opposition memorandum to Bailey's special motion to strike, the

Hoffmans requested attorneys' fees pursuant to Article 971(B) and represented that "[f]ull

information regarding fees will be submitted immediately subsequent to the Court's ruling on the

motion."[80] In the January 27, 2014 Order denying Bailey's motion, Judge Zainey declined to grant

the Hoffmans' request for attorneys' fees pursuant to Article 971(B) at that time.[81] Judge Zainey

noted that "[i]f Plaintiffs file a supported formal motion in compliance with this Court's Local

Rules, in which they demonstrate that they are the 'prevailing parties' and that they are entitled to

an award of attorney fees and costs, then at that time the Court will consider the issue."[82] Despite

Judge Zainey's Order and the Hoffmans' representation to Judge Zainey that they would file "[f]ull

information regarding fees . . . *immediately subsequent to the Court's ruling on the motion*,"[83] the

---

[78] *Kellstrom*, 50 F.3d at 326.

[79] Rec. Doc. 109-2 at 2–3.

[80] Rec. Doc. 11 at 23.

[81] Rec. Doc. 38 at 22 n.62.

[82] *Id.*

[83] Rec. Doc. 11 at 23 (emphasis added).

Hoffmans waited nearly three years to file the instant motion and have provided no explanation for the prolonged delay.

Second, the Court finds that, despite taking nearly three years to submit the instant motion for attorneys' fees, the Hoffmans have failed to submit sufficient support for their request for $50,000 in attorneys' fees in contravention to both Judge Zainey's January 27, 2014 Order and the Local Rules. In particular, Local Rule 54.2 provides that "[i]n all cases in which a party seeks attorneys' fees, the party must submit to the court a verified, contemporaneous report reflecting the date, time involved, and nature of the services performed." Moreover, under Louisiana law, attorneys' fees are not allowed except when authorized by statute or contract.[84] Here, the Hoffmans assert that they are entitled to attorneys' fees pursuant to Louisiana Code of Civil Procedure article 971(B), which provides that the "prevailing party *on a special motion to strike* shall be awarded reasonable attorneys' fees and costs."[85] However, the Hoffmans' request for $50,000 in attorneys' fees and costs extend beyond the services provided on Bailey's special motion to strike, and includes work done on Bailey's motion to dismiss pursuant to Rule 12(b)(2),(4), and (5) of the Federal Rules of Civil Procedure,[86] as well as other matters unrelated to Bailey's special motion to strike.

In particular, the Court notes that the Hoffmans have attached to their motion the "Declaration of Stephen Kupperman," dated October 11, 2016, in which Kupperman, Susan Hoffman's former attorney, submits sixteen pages of billing reports for the research and

---

[84] *State, Dep't of Transp. & Dev. v. Williamson*, 597 So. 2d 439, 441 (La. 1992) (citing *Huddleston v. Bossier Bank and Trust Co.*, 475 So.2d 1082 (La. 1985)).

[85] La. Code Civ. P. art. 971(B) (emphasis added).

[86] *See* Rec. Doc. 3 (motion to dismiss pursuant to: (1) Rule 12(b)(2) for lack of personal jurisdiction; (2) Rule 12(b)(4) for insufficient process; and (3) pursuant to Rule 12(b)(5) for insufficient service of process).

preparation of the "principal opposition and other filings on the defense *motions*."[87] Additionally, as shown by Kupperman's Declaration, the Hoffmans' request for $50,000 in attorneys' fees includes other charges unrelated to the special motion to strike, such as research regarding Bailey's motion to dismiss, unspecified Pacer and Westlaw charges, general communications with other attorneys, preparations for a status conference and a scheduling conference, and communications and research regarding Bailey's motion to lift the stay imposed by Judge Zainey.[88] Moreover, the billing records reflect that the vast majority of attorneys' fees requested are for services provided after the Hoffmans' opposition to Bailey's special motion to strike was filed, and few of those entries, if any, appear to relate to any additional filings or services done regarding Bailey's special motion to strike.

As this Court and several other federal district courts have previously determined, "under Article 971(B), a prevailing party may only recover attorneys' fees associated with the motion to strike, but not fees associated with defending the entire lawsuit."[89] Likewise, the Louisiana Fourth Circuit Court of Appeal has held that statutes providing for penalties and attorneys' fees under Louisiana law "must be strictly construed," and under Article 971(B), a party "can recover only those fees associated with the motion to strike" and not for other matters raised during litigation.[90]

---

[87] Rec. Doc. 109-3 at 1 (emphasis added).

[88] *See* Rec. Doc. 109-3.

[89] *McIntyre v. Gilmore*, No. 15-282, 2015 WL 4129378, at *1 (E.D. La. July 8, 2015) (Brown, J.); *see also Collins v. WAFB, LLC*, No. 16-15648, 2017 WL 1383948, at *8 (E.D. La. Apr. 18, 2017) (Lemelle, J.); *Louisiana Crisis Assistance Ctr. v. Marzano-Lesnevich*, 827 F. Supp. 2d 668, 687–88 (E.D. La. 2011) (Barbier, J.), *order vacated on reconsideration on other grounds*, 878 F. Supp. 2d 662 (E.D. La. 2012); *Henry v. Lake Charles Am. Press, L.L.C.*, No. 06-1513, 2009 WL 3834940, at *1 (W.D. La. Nov. 12, 2009).

[90] *See Delta Chem. Corp. v. Lynch*, 2007-0431 (La. App. 4 Cir. 2/27/08), 979 So. 2d 579, 588 (determining that a party can only recover attorneys' fees associated with a special motion to strike under Article 971(B) and not for fees and costs " incurred from the time the suit was filed until the day the trial court made the award" or for litigation related to other issues); *see also Samuel v. Remy*, 2015-0465 (La. App. 1 Cir. 8/31/16) ("[C]ourts interpret La. C.C.P. art. 971(B) as limiting recovery to those attorney fees and costs specifically associated with the special motion to strike.").

In particular, the Louisiana Fourth Circuit Court of Appeal has concluded that a Louisiana trial court erred in awarding attorneys' fees under Article 971(B) for litigation over whether venue was proper or for the general attorneys' fees and costs "incurred from the time the suit was filed until the day the trial court made the award" under Article 971(B).[91] Similarly, in *Williams v. Nexstar Broadcasting, Inc.*, the Louisiana Fifth Circuit Court of Appeal determined that Article 971(B) only provides for attorneys' fees for appeals of "the portion of [a] case arising out of the claims under Article 971."[92] The Louisiana Fifth Circuit declined to award attorneys' fees under Article 971(B) in the same appeal of the district court's other decisions sustaining a defendant's exceptions of no cause of action and prescription.[93]

While the Hoffmans assert that the "legal and factual issues on both [Bailey's Rule 12(b) motion and Bailey's special motion to strike] were inextricably intertwined,"[94] the Court finds this argument unpersuasive. Bailey's motion to dismiss pursuant to Rule 12(b)(2),(4), and (5) argued that there was a lack of personal jurisdiction over Bailey, insufficient process, and insufficient service of process, while Bailey's special motion to strike was "raised solely in the alternative and out of an abundance of caution" and required separate analyses by the Hoffmans and the Court.[95] Indeed, in their opposition to Bailey's motions, the Hoffmans recognized that the two motions were distinct, as they argued that the special motion to strike was "improperly join[ed]" to Bailey's motion to dismiss and "has no basis in the Federal Rules."[96] Indeed, the Hoffmans' opposition had

---

[91] *Id.*

[92] 11-887 (La. App. 5 Cir. 4/10/12), 96 So. 3d 1195, 1202.

[93] *Id.*

[94] Rec. Doc. 109-2 at 2.

[95] Rec. Doc. 3-2 at 1.

[96] Rec. Doc. 11 at 2–3.

three distinct sections: (1) asserting that Bailey's Rule 12(b) motions should be denied; (2) arguing that Bailey's special motion to strike "is without merit;" and (3) asserting that, "[p]ursuant to Section 971B, the Hoffmans are entitled to an award of their attorney fees."[97] In fact, in their opposition, the Hoffmans recognized that "Article 971B requires this Court to award attorney fees to a plaintiff successfully *defending an article 971 motion*."[98] Moreover, the Hoffmans have not pointed to any authority, nor has the Court found any, in support of their argument that Bailey's motions are so "inextricably intertwined" that Article 971(B) would entitle the Hoffmans to attorneys' fees for matters beyond Bailey's special motion to strike.

Therefore, under Louisiana law, the Hoffmans are not entitled to those attorneys' fees incurred for services provided on Bailey's separate motion to dismiss pursuant to Rule 12(b)(2),(4), and (5) of the Federal Rules of Civil Procedure or other unrelated matters. However, despite Judge Zainey's Order requiring the Hoffmans to show "that they are entitled to an award of attorney fees and costs," the Hoffmans have failed to show that their broad request for attorneys' fees is proper under Article 971(B).[99] Similarly, in contravention to Local Rule 54.2, the Hoffmans have failed for a second time to provide a sufficient "verified, contemporaneous report" identifying the specific "date, time involved, and nature of the services performed" on the special motion to strike.[100] It is not the Court's responsibility to search through the Hoffmans' records to determine which billing charges are relevant to the pending motion for attorneys' fees, particularly when they

---

[97] *Id.* at 6, 12, 23.

[98] *Id.* at 23 (emphasis added).

[99] Rec. Doc. 38 at 22 n.62.

[100] *See* L.R. 54.2 ("In all cases in which a party seeks attorneys' fees, the party must submit to the court a verified, contemporaneous report reflecting the date, time involved, and nature of the services performed."); *see also* Rec. Doc. 38 at 22 (Judge Zainey noting that the Hoffmans needed to comply with the Local Rules before he would consider their first request for attorneys' fees under Article 971(B)).

have received ample opportunity to comply with Judge Zainey's Order and the Local Rules. Indeed, as the Fifth Circuit has made clear, the burden is on the applicant for attorneys' fees to produce sufficient documentation for a court to determine the reasonable number of hours expended when considering a request for attorneys' fees.[101] Thus, the Court cannot determine from the evidence produced the "reasonable" amount of hours expended on the special motion to strike to which the Hoffmans contend they are entitled to under Article 971(B), or whether any of those hours requested are excessive or duplicative.[102]

Even if the Court were to sift through the Hoffmans' motion for attorneys' fees and attached affidavit to identify which charges appear to be related to Bailey's special motion to strike, the Hoffmans have failed to show that the hourly rates requested for those charges are reasonable "in the community for such work."[103] As the Fifth Circuit held in *Louisiana Power & Light Company v. Kellstrom*, courts awarding attorneys' fees must determine both the reasonable number of hours expended on a matter and "the reasonable hourly rates for the participating lawyers."[104] The Fifth Circuit has instructed that courts should consider both the attorneys' regular rates as well as the prevailing rates in the community for similar work to ensure the billing rate requested is reasonable.[105] Similarly, in *Blum v. Stenson*, the Supreme Court determined that "courts properly have required prevailing attorneys to justify the reasonableness of the request

---

[101] *Kellstrom*, 50 F.3d at 324.

[102] *See* La. Code Civ. P. art. 971(B) (providing for an award of "reasonable" attorneys' fees and costs incurred on a special motion to strike); *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006) (determining that district courts must calculate attorneys' fees by the lodstar method, which first requires a determination of the "number of hours reasonably expended"); *Williams v. Nexstar Broad., Inc.*, 11-887 (La. App. 5 Cir. 4/10/12), 96 So. 3d 1195, 1202 (noting that courts are "allowed, and even required, to determine if the amount awarded is reasonable" pursuant to Article 971(B)).

[103] *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006).

[104] 50 F.3d 319, 324 (5th Cir. 1995).

[105] *Id.* at 328 (citing *H.J. Inc. v. Flygt Corp.*, 925 F.2d 257, 260 (8th Cir. 1991)).

rate" by placing the burden on the applicant "to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."[106]

In the attached affidavit and billing reports, the Hoffmans request $400 an hour for a "partner," $250 an hour for one "associate" and $225 an hour for another "associate," and $120 for a "paralegal."[107] However, as Bailey points out in his opposition to the instant motion for attorneys' fees,[108] the Hoffmans have provided no information as to the experience level or special skills of the attorneys or paralegal, or the prevailing rates for similar attorneys in the Eastern District of Louisiana. Moreover, the Hoffmans have failed to provide any evidence that these are the regular rates for the participating lawyers or the differences in skill level, experience, or reputation that would enable the Court to review the different rates requested by the Hoffmans for each attorney. As the Fifth Circuit has previously determined, "[t]he hourly fee awarded must be supported by the record; the district court may not simply rely on its own experience in the relevant legal market to set a reasonable hourly billing rate."[109] Indeed, the fact that over three years have passed before the Hoffmans submitted their motion for attorneys' fees makes it more difficult for the Court to determine whether those hourly rates and charges incurred were "reasonable" at the time Bailey's motion to strike was filed on August 26, 2013, particularly when the Hoffmans have submitted little to no evidence to show that the requested hourly rates are reasonable for each

---

[106] 465 U.S. 886, 896 n.11 (1984).

[107] *See* Rec. Doc. 109-3 at 5, 7.

[108] Rec. Doc. 116 at 3.

[109] *League of United Latin Am. Citizens No. 4552 (LULAC) v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1234 (5th Cir. 1997) (citations omitted); *see also Cobb v. Miller*, 818 F.2d 1227, 1232 & n.7 (5th Cir. 1987) (noting that a magistrate judge should not have considered his personal experience in setting a reasonable hourly rate).

particular attorney and paralegal. Thus, even if the Court were to go through the Hoffmans' evidence to identify how many billable hours relate to Bailey's special motion to strike, the Court is unable to complete the second half of its analysis to determine the reasonable hourly rate for the Hoffmans' particular attorneys and paralegals. Thus, based on the insufficient evidence provided by the Hoffmans, the Court cannot conduct a meaningfully review of the Hoffmans' request for $50,000 in attorneys' fees.

Accordingly, the Court denies the Hoffmans' request for attorneys' fees. The Hoffmans failed to comply with either Judge Zainey's January 27, 2014 Order or Local Rule 54.2 for the second time, despite having nearly three years to submit their motion. In particular, the Hoffmans' affidavit and billing records attached to the instant motion fail to establish that either the number of hours expended on the special motion to strike or the differing rates requested for three attorneys and a paralegal are "reasonable." In light of the Hoffmans' inadequate evidence, the Court is unable to determine either the reasonable number of hours expended or the reasonable hourly rates at which to calculate the amount of attorneys' fees that the Hoffmans may be entitled to.[110] As the Fifth Circuit has noted, applicants for attorneys' fees bear the burden of submitting adequate documents for their request, and "[l]itigants clearly 'take their chances' that the district court will reject or reduce fee awards if they submit vague or incomplete applications."[111] Thus, the evidence provided by the Hoffmans is insufficient to establish the amount of attorneys' fees to be awarded.

---

[110] *See Heasley v. C.I.R.*, 967 F.2d 116, 123 (5th Cir. 1992) (noting that a party seeking reimbursement of attorneys' fees must provide contemporaneous billing records or at least "adequate evidence to permit [a court] to determine" a reasonable attorneys' fees award).

[111] *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997).

## IV. Conclusion

Based on the foregoing, the Court denies the Hoffmans' request for attorneys' fees. They have failed to comply for the second time with either Judge Zainey's January 27, 2014 Order or Local Rule 54.2. The Hoffmans failed to show that they are entitled to $50,000 in attorneys' fees under Article 971(B) for services unrelated to a special motion to strike. The Hoffmans also failed to provide a "verified, contemporaneous report" identifying the specific "date, time involved, and nature of the services performed" on the special motion to strike, despite receiving a second opportunity to comply with the Local Rules and Judge Zainey's Order. Moreover, the evidence attached to the Hoffmans' motion for attorneys' fees is insufficient to establish either the reasonable number of hours expended on the special motion to strike or the reasonable hourly rate for the participating attorneys. Thus, the evidence provided by the Hoffmans is insufficient to establish the amount of attorneys' fees to be awarded. Accordingly,

**IT IS HEREBY ORDERED** that the Hoffmans' "Motion Seeking Award of Attorney Fees to Plaintiff as Prevailing Party Re: Order of January 27, 2014 [DKT. 38] (LaCCP ART. 971(B))"[112] is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this 16th day of May, 2017.

_Nannette Jolivette Brown_
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[112] Rec. Doc. 109.